[No. H005537. Sixth Dist. Feb. 8, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
IGNACIO JAIME PAZ, Defendant and Appellant.

**COUNSEL**

Susan C. Gwinn, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—Appellant Ignacio Jaime Paz pleaded guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) after the court denied his motion to compel drug diversion. (Pen. Code, § 1000 et seq.) The district attorney had determined appellant was not eligible for diversion on the ground that he had suffered a prior conviction involving a controlled substance, namely marijuana. (Pen. Code, § 1000, subd. (a)(1); Health & Saf. Code, § 11357, subd. (b).) The trial court then denied appellant's motion to compel diversion without hearing the merits.

Appellant makes two contentions here: 1) his prior conviction under Health and Safety Code section 11357, subdivision (b) does not disqualify him from diversion, and 2) the language in Penal Code section 1000, subdivision (a) referring to the provisions of Health and Safety Code section 11357, subdivision (b), is ambiguous and requires that the trial court, rather than the district attorney, determine its meaning.

We reject both of these contentions and affirm the judgment.

### BACKGROUND

On March 7, 1988, two San Jose police officers were investigating a report that a stolen vehicle had been seen parked in front of appellant's residence on Bacchus Avenue in San Jose. After observing appellant take something out of the car, the two officers approached him to question him about the ownership of the vehicle. Appellant was cooperative and told the officers he had purchased the car for $100 two weeks earlier.

While one of the officers continued to question appellant, the other began an inventory search of the car preparatory to impounding it. In the glove compartment he found a paper bindle containing white powder. This was later determined to be .07 grams of cocaine.

On April 12, 1988, appellant was charged with one count of possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a). Appellant was held to answer on this charge following a preliminary examination.

The previous year, on March 2, 1987, appellant had pleaded guilty to possession of not more than one ounce of marijuana in violation of Health and Safety Code section 11357, subdivision (b), and he had received a fine.

On December 6, 1988, appellant brought a pretrial motion to compel drug diversion under the provisions of Penal Code section 1000 et seq. At

the hearing on January 3, 1989, the district attorney filed with the court a notice of ineligibility. The notice stated that appellant was ineligible for diversion on the ground that he had a previous conviction for an offense involving a controlled substance. (Pen. Code, § 1000, subd. (a)(1).)

The question whether the court should consider the merits of appellant's motion, notwithstanding the notice of ineligibility, was argued in open court and continued for further briefing. On January 9, 1989, the court denied the motion without hearing the merits. The court ruled that once the district attorney has made a determination, from a review of defendant's record, that defendant has suffered a prior conviction for an offense involving a controlled substance, defendant's ineligibility for diversion is established and he is not entitled to a court hearing.

On January 17, 1989, appellant pleaded guilty as charged. He received a suspended sentence and was placed on three years probation. Appeal is sanctioned by Penal Code section 1237.5 and *People* v. *Padfield* (1982) 136 Cal.App.3d 218, 228 [185 Cal.Rptr. 903].

DISCUSSION

The underlying issue arises from the interplay between the provisions of Penal Code section 1000, subdivision (a), and Health and Safety Code section 11357, subdivision (b).[1] We will therefore start with a brief summary of the purposes and effects of those two statutory schemes.

Penal Code sections 1000 to 1000.4, enacted in 1972, authorize the court to "divert" from the normal criminal process persons who are faced with first-time charges of specified drug-related offenses.

In each case where a defendant has been charged with a divertible offense, Penal Code section 1000 authorizes the district attorney to determine whether the six eligibility requirements described in paragraphs (1) through (6) of subdivision (a) are met. This determination is made on the basis of information contained in the district attorney's file. (Pen. Code, § 1000, subd. (b).)

If the defendant meets all six criteria, the process of adjudication begins, during which the court will weigh relevant facts and make a decision either diverting or refusing to divert the defendant into a rehabilitation program. (Pen. Code, §§ 1000.1 & 1000.2; *People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 62 [113 Cal.Rptr. 21, 520 P.2d 405].)

---

[1] For simplicity, we may refer to these statutes respectively as section 1000(a) and section 11357(b).

But if the district attorney determines that the defendant is ineligible under any one of the six criteria, the district attorney files a declaration stating the grounds upon which this determination is based, and the defendant is excluded from diversion. (Pen. Code, § 1000, subd. (b).)

■ A primary purpose of the diversion statute is "to identify the experimental or tentative user before he becomes deeply involved with drugs, . . . and to restore him to productive citizenship without the lasting stigma of a criminal conviction." *(People v. Superior Court (On Tai Ho), supra,* 11 Cal.3d at p. 61.) Consistent with this purpose, the first criterion for eligibility is that "[t]he defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense." (Pen. Code, § 1000, subd. (a)(1).)

In 1975, the introductory paragraph of section 1000(a) was amended to add an exception for the provisions of section 11357(b), as follows: "This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357 [and others] . . . and it appears to the district attorney that, *except as provided in subdivision (b) of Section 11357 of the Health and Safety Code,* all of the following apply to the defendant: . . ."[2] (Italics added.)

Section 11357 of the Health and Safety Code sets forth the punishment for possession of marijuana. Prior to 1975 no legal distinction was made

---

[2]Section 1000(a) reads in full as follows: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code, or Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use, or Section 11368 of the Health and Safety Code if the narcotic drug was secured by a fictitious prescription and is for the personal use of the defendant and was not sold or furnished to another, or subdivision (d) of Section 653f if the solicitation was for acts directed to personal use only, or Section 381 or subdivision (f) of Section 647 of the Penal Code, if for being under the influence of a controlled substance, or Section 4230 of the Business and Professions Code, and it appears to the district attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant:

"(1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense.

"(2) The offense charged did not involve a crime of violence or threatened violence.

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed.

"(5) The defendant's record does not indicate that he or she has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense.

"(6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense."

between the possession of large or small amounts of marijuana. In 1975, subdivision (b) was added to provide that possession of not more than one ounce (now 28.5 grams) of marijuana is a misdemeanor, punishable by a fine of not more than $100. This treatment applies as well to repeat offenders with not more than three convictions for simple possession within two years. But on the fourth such offense within two years, section 11357(b) provides that the person be diverted rather than fined.[3]

■ Health and Safety Code section 11357, along with other legislation enacted in 1975 as part of Senate Bill No. 95 (Stats. 1975, ch. 248, § 2, pp. 641-642), reflects a growing regard for possession of marijuana as a relatively minor offense. Thus subdivision (b) sets forth an entirely separate statutory scheme where possession of a small amount of marijuana is concerned. The lenient treatment provided by section 11357(b) for repeat offenders is intended solely for those whose charged and prior offenses are both for marijuana possession. The 1975 Summary Digest of Senate Bill No. 95 makes this clear. It states in pertinent part: "This bill would revise the penalty for unlawful simple possession of marijuana to make possession of not more than 1 avoirdupois ounce of marijuana, other than 'concentrated cannabis,' a misdemeanor punishable by a fine of not more than $100.

"However, the penalty for *such* offense with 3 or more previous convictions for possession of not more than 1 avoirdupois ounce of marijuana during the 2 years immediately preceding the offense would be diversion and referral to an appropriate community program for education, treatment, or rehabilitation, as specified." (Summary Dig., Sen. Bill No. 95 (1975) ch. 248, pp. 63-64, italics added.)

With these statutes in mind we now proceed to appellant's contentions.

■ 1. Does a prior conviction for possession of marijuana under Health and Safety Code section 11357(b) disqualify a defendant from diversion under Penal Code section 1000(a)(1)?

---

[3] The text of section 11357(b) reads as follows: "(b) Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100). Notwithstanding other provisions of law, if such person has been previously convicted three or more times of an offense described in this subdivision during the two-year period immediately preceding the date of commission of the violation to be charged, the previous convictions shall also be charged in the accusatory pleading and, if found to be true by the jury upon a jury trial or by the court upon a court trial or if admitted by the person, the provisions of Section 1000.1 and 1000.2 of the Penal Code shall be applicable to him, and the court shall divert and refer him for education, treatment, or rehabilitation, without a court hearing or determination or the concurrence of the district attorney, to an appropriate community program which will accept him. If the person is so diverted and referred he shall not be subject to the fine specified in this subdivision."

The answer is yes. Notwithstanding the lenient provisions of section 11357(b), marijuana is nonetheless a "controlled substance." (Health & Saf. Code, § 11054, subd. (d)(13).) A conviction for possession of marijuana, even a small amount, is thus a "conviction for *any* offense involving controlled substances" and consequently disqualifies a defendant from diversion under Penal Code section 1000(a)(1).

Appellant argues that the language in section 1000(a) expressly excepting the provisions of section 11357(b) means that a prior section 11357(b) conviction is exempt and will not disqualify a person otherwise eligible for diversion. He contends such an interpretation is consistent with a trend by lawmakers to decriminalize marijuana offenses.[4]

Had the Legislature intended to except prior convictions under section 11357(b) from subdivision (1) of Penal Code section 1000(a), this could easily have been accomplished by inserting the language of exception in subdivision (1) itself, rather than in the introductory paragraph. We conclude, therefore, that subdivision (1) remained unmodified by the 1975 amendment.

The plain meaning of amended Penal Code section 1000(a) is that persons who fall within the provisions of section 11357(b) are excepted entirely from the district attorney's eligibility determination. As noted, section 11357(b) provides a separate punitive scheme for possession of small amounts of marijuana: a fine for the first three offenses within two years, and then diversion, under Penal Code sections 1000.1 and 1000.2, after the fourth offense. Thus offenders under section 11357(b) bypass the preliminary screening process outlined in section 1000(a).

Such an interpretation of section 1000(a) is by no means at odds with a policy favoring leniency for simple marijuana offenses, but rather promotes that policy, by singling out possession of marijuana as a nondivertible offense until the fourth such offense within two years. Moreover, our reading is compatible with another important policy inherent in both section 1000 et seq. and section 11357(b), that the favorable treatment provided by those statutes is reserved for those, unlike appellant, whose offenses do not indicate a pattern of increasingly serious drug use.

Here appellant does not fall within the benevolent purposes of either statute. His present offense, possession of cocaine (Health & Saf. Code,

---

[4] For instance, appellant points out that Health and Safety Code section 11361.5 provides for the permanent destruction of the record of a minor marijuana conviction after two years have passed, and section 11361.7 provides that such a record may not be considered "for any purposes." But these observations are not particularly relevant to the issue before us, since appellant's prior conviction was less than two years old. Therefore, the benefits provided by these sections do not apply to him.

§ 11350), disqualifies him from treatment under Health and Safety Code section 11357(b), and his prior conviction under that section disqualifies him from diversion under Penal Code section 1000(a)(1).

2. Was the trial court required to hold a hearing to consider the question whether appellant's prior conviction for possession of marijuana rendered him ineligible for diversion?

The answer is no. The district attorney's preliminary screening for eligibility pursuant to the statutory criteria is not a judicial function. (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 76 [113 Cal.Rptr. 28, 520 P.2d 412].) No hearing is necessary unless the determination of eligibility requires resolution of factual issues. (*People* v. *Williamson* (1982) 137 Cal.App.3d 419 [187 Cal.Rptr. 107].) If the district attorney, upon reviewing the available records, determines that a defendant has a prior conviction for an offense involving a controlled substance, the defendant's exclusion from the diversion program is automatic. "There is no provision . . . for the exercise of judicial discretion to admit an otherwise ineligible defendant to the program." (*Sledge* v. *Superior Court, supra,* at p. 74.) Review is available only by appeal from a judgment of conviction. (*Id.* at p. 75; *People* v. *Hayes* (1985) 163 Cal.App.3d 371, 375 [209 Cal.Rptr. 441].)

Appellant maintains that the amendment of Penal Code section 1000(a), adding the language excepting the provisions of section 11357(b), created an ambiguity in the statute, requiring judicial interpretation at the trial level. He argues that statutory construction is as much a judicial function as fact-finding. In either case a hearing must be held.

We have no quarrel with the proposition that the construction of ambiguous statutes is a task to be performed by the judiciary. But we do not agree that Penal Code section 1000(a) is ambiguous. As we have discussed in answer to appellant's first claim of error, the 1975 amendment excepts from the district attorney's preliminary screening process those defendants who are subject to section 11357(b), namely those who have been charged with possession of a small amount of marijuana. Since appellant was charged with possession of cocaine, the exception does not apply to him.

Our case differs from *People* v. *Martinsen* (1987) 193 Cal.App.3d 843 [238 Cal.Rptr. 530]. In that case, the district attorney determined defendant ineligible for diversion under Penal Code section 1000(a)(4), which provides that a defendant's probation or parole must not have been revoked "without thereafter being completed." The facts of *Martinsen* required that the court hold a hearing and examine defendant's record to determine whether his probation had been "completed" within the meaning of the statute.

Appellant's case presents no such interpretive problem. The language of section 1000(a)(1) is straightforward and it is not disputed that appellant suffered a prior conviction. ■ When the statutory language is clear and simple, there is no need for construction and the court should refrain from doing so. (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)

Here the district attorney's determination of ineligibility involved no fact-finding or statutory interpretation; thus it did not intrude upon any judicial function. Therefore, the court's denial of appellant's motion without a hearing was entirely proper. (*Sledge* v. *Superior Court, supra*, 11 Cal.3d at p. 74.)

### DISPOSITION

The judgment is affirmed.

Agliano, P. J., and Capaccioli, J., concurred.