No. 91–5473. PENSINGER *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied.

JUSTICE O'CONNOR, with whom JUSTICE KENNEDY joins, dissenting.

Petitioner claims that the California Supreme Court reviewed his death sentence in a manner inconsistent with this Court's holding in *Clemons* v. *Mississippi*, 494 U. S. 738 (1990). I agree; I would grant the petition, vacate petitioner's death sentence, and remand to the California Supreme Court.

At the guilt phase of a capital trial in California, the trier of fact determines whether the "special circumstances" alleged by the prosecution are true. Cal. Penal Code Ann. § 190.1(a) (West 1988). At the penalty phase, the trier of fact weighs any aggravating circumstances, including the special circumstances found to be true, against any mitigating circumstances. § 190.3.

At petitioner's trial, the jury found the existence of two special circumstances—that the murder was committed in the course of a kidnaping, and that the murder was accompanied by the infliction of torture. The California Supreme Court reversed the jury's finding as to the special circumstance of torture, because the jury was not instructed that the circumstance required proof of intent to torture. 52 Cal. 3d 1210, 1255, 805 P. 2d 899, 921 (1991). The court expressly found that the instructional error was not harmless, in light of the parties' failure to focus at trial on the issue of petitioner's intent to torture and because the evidence of such intent was not overwhelming. *Ibid.* The court nevertheless upheld the death sentence. In a single paragraph added to the opinion two months after it was published, the court reasoned: "[T]he evidence of the shocking nature of the attack on the infant victim was properly before the jury. The erroneous special circumstance finding was only a 'statutory label' which

could not have affected the verdict in light of the evidence properly before the jury." 52 Cal. 3d, at 1272, 805 P. 2d, at 933.

In my view, such cursory review is clearly insufficient under *Clemons.* Mississippi, like California, requires its juries to weigh aggravating and mitigating circumstances. In *Clemons,* the jury had considered an aggravating circumstance we assumed to be unconstitutionally vague—that the murder was " 'especially heinous, atrocious, or cruel.' " 494 U. S., at 743. We held that the Mississippi Supreme Court could excise the erroneously considered aggravating circumstance and reweigh the evidence on its own; we did not require the court to remand for reweighing by the jury. *Id.,* at 750. We also permitted the Mississippi Supreme Court to determine whether the jury would beyond a reasonable doubt have imposed the death sentence even in the absence of the error. *Id.,* at 752. But because it was not clear whether the Mississippi Supreme Court had actually performed an independent reweighing of the evidence, and because the court had not engaged in a sufficient harmless error analysis based on the record, we vacated Clemons' death sentence and remanded, so that the Mississippi Supreme Court could choose one course or the other. *Id.,* at 751–754.

I would do the same here. The California Supreme Court did not reweigh the aggravating and mitigating circumstances. The court instead appears to have chosen *Clemons'* second option, harmless error analysis. Rather than reviewing the record, however, to determine whether the jury would beyond a reasonable doubt have imposed the death sentence given a finding of one special circumstance rather than two, the California Supreme Court upheld the sentence based solely on the fact that the error did not alter the mix of evidence weighed by the jury at the penalty phase. This holding is irreconcilable with *Clemons:* The unconstitutional vagueness of the "especially heinous" instruction did not change the mix of evidence presented to the jury in that case either, but that fact alone did not support a finding of harmlessness. The California Supreme Court's conclusion, moreover, makes little sense: *All* jury instruction errors would be harmless under this reasoning, because none of them add to or subtract from the evidence considered by the jury.

In a different case, the California Supreme Court's brief discussion of this issue might be interpreted as a finding that the evidence of torture was so overwhelming that the instructional error

was harmless, because a properly instructed jury would beyond a reasonable doubt have found the existence of the torture special circumstance. Here, however, the California Supreme Court explicitly *refused* to make such a finding. The decision below can only be interpreted as concluding that the invalidation of a special circumstance—in this case, one out of only two—is harmless whenever the same mix of evidence would have been presented to the jury in the error's absence. Because this conclusion cannot be squared with *Clemons,* I would vacate petitioner's death sentence and direct the California Supreme Court to review that sentence under the appropriate standard.