[No. C014888. Third Dist. Apr. 14, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS DONALD SQUIER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See footnote 3, *post,* page 237.

## COUNSEL

Gerald D. Langle for Defendant and Appellant.

Paul Richardson, District Attorney, for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—Defendant appeals after a misdemeanor conviction of possession of less than one ounce of marijuana. (Health & Saf. Code, § 11357, subd. (b).) We transferred the case to this court pursuant to rule 62(a), California Rules of Court to settle an important question of law, to wit, whether diversion from criminal proceedings under Penal Code section 1000 is available for a first such offense.[1] With certain additions and modifications,[2] we adopt and partially publish[3] the opinion of the appellate department of the superior court, authored by Judge Garbolino with the concurrence of Judge Roeder and Judge Gaddis, quoted as follows:

Defendant was initially charged by a citation of one count of violating the above entitled code section. Defendant was found guilty by the court sitting without a jury after the matter was submitted upon the police report. At the time of his sentencing defendant applied for diversion pursuant to section 1000. The district attorney had previously determined that defendant was ineligible for diversion pursuant to [language] in *People* v. *Paz* (1990) 217 Cal.App.3d 1209 [266 Cal.Rptr. 468], and consequently refused to offer defendant diversion. The trial court ruled that defendant was not eligible for diversion under section 1000. The court thereupon imposed a sentence of payment of $145 in total fines. This appeal followed.

[1] All references to a section are to the Penal Code unless otherwise indicated.

[2] Brackets together, in this manner [ ], without enclosing material, are used to indicate deletions from the opinion of the appellate department. Brackets enclosing material (other than publisher's parallel citations and denoting deletion of citations) are used to indicate insertions by this court.

[3] The Reporter of Decisions is directed to publish our opinion except part II.

I

■   Defendant asserts that the court below erred in its interpretation of whether defendant could be allowed to be diverted pursuant to section 1000. Statutory diversion is governed by section 1000 et seq.

[ ]

Section 1000 subdivision (a)[ ] provides that diversion shall be applicable for certain listed drug offenses if "it appears to the district attorney that, *except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, . . . .*" that the defendant meets six qualifying factors. [Italics added.][4]

Health and Safety Code section 11357, subdivision (b) provides a separate scheme for diversion for offenses which involve small amounts of marijuana. Where a person has suffered three or more convictions within a two-year period for possession of less than 28.5 grams of marijuana, upon pleading and proof of the convictions, the defendant is mandatorily diverted without a court hearing and without either the concurrence of, or an eligibility determination by, the district attorney.[5]

---

[4]"Section 1000, subdivision (a) provides:

"This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of Section . . . 11357 . . . of the Health and Safety Code . . . and it appears to the district attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant:

"(1)   The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense.

"(2)   The offense charged did not involve a crime of violence or threatened violence.

"(3)   There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4)   The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed.

"(5)   The defendant's record does not indicate that he or she has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense.

"(6)   The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense."

[5]Health and Safety Code section 11357 subdivision (b) states in part:

"Notwithstanding other provisions of law, if such person has been previously convicted three or more times of an offense described in this subdivision during the two-year period immediately preceding the date of commission of the violation to be charged, the previous convictions shall also be charged in the accusatory pleading and, if found to be true by the jury upon a jury trial or by the court upon a court trial or if admitted by the person, the provisions of Sections 1000.1 and 1000.2 of the Penal Code shall be applicable to him, and the court shall divert and refer him for education, treatment, or rehabilitation, without a court hearing or determination or the concurrence of the district attorney, to an appropriate

All of the requirements of section 1000, subdivision (a) [apparently] applied to defendant in this case. Nevertheless, the district attorney determined that defendant was ineligible for diversion on the basis of the opinion in *People* v. *Paz, supra,* 217 Cal.App.3d 1209. The pertinent portion of the *Paz* decision is as follows:

"The plain meaning of amended Penal Code section 1000(a) is that persons who fall within the provisions of section § 11357(b) are excepted entirely from the district attorney's eligibility determination. As noted, section 11357(b) provides a separate punitive scheme for possession of small amounts of marijuana: a fine for the first three offenses within two years, and then diversion, under Penal Code sections 1000.1 and 1000.2, after the fourth offense. Thus offenders under section 11357(b) bypass the preliminary screening process outlined in section 1000(a).

"Such an interpretation of section 1000(a) is by no means at odds with a policy favoring leniency for simple marijuana offenses, but rather promotes that policy, by singling out possession of marijuana as a nondivertible offense until the fourth such offense within two years. Moreover, our reading is compatible with another important policy inherent in both section 1000 et seq. and section 11357(b), that the favorable treatment provided by those statutes is reserved for those, unlike appellant, whose offenses do not indicate a pattern or increasingly serious drug use." ([217 Cal.App.3d] at p. 1216.)

The facts in *People* v. *Paz, supra,* 217 Cal.App.3d 1209 are critical to a proper understanding of the holding of the case. The appellant in *Paz* was charged with possession of cocaine. He had a prior conviction for possession of marijuana (Health & Saf. Code, § 11357, subd. (b)). The appellant contended that the language in section 1000, subdivision (a) expressly excepting the provisions of Health and Safety Code section 11357, subdivision (b) meant that a prior conviction for that section would not disqualify a person otherwise eligible for diversion for another narcotic offense. The court held that a conviction of Health and Safety Code section 11357, subdivision (b) was a conviction for an offense involving controlled substances committed prior to the offense before the court and thus disqualified the appellant from diversion under section 1000, subdivision (a)(1). In rejecting the appellant's construction of the section, the court stated:

"Had the Legislature intended to except prior convictions under section 11357(b) from subdivision (1) of Penal Code section 1000(a), this could easily have been accomplished by inserting the language of exception in

community program which will accept him. . . . If no community program will accept him, the person shall be subject to the fine specified in this subdivision."

subdivision (1) itself, rather than in the introductory paragraph. We conclude, therefore, that subdivision (1) remained unmodified by the 1975 amendment." (*People* v. *Paz, supra,* 217 Cal.App.3d at p. 1216.)

The *Paz* court's discussion of the application of section 1000, subdivision (a) and Health and Safety Code section 11357, subdivision (b) to first-time Health and Safety Code section 11357, subdivision (b) offenders was unnecessary to a decision concerning the effect of a prior conviction for Health and Safety Code section 11357 on a defendant who was before the court on charges of possession of cocaine. As such, the comments are dicta [ ]. ■ " 'It is the general rule that the language of an opinion must be construed with reference to the facts presented by the case, and the positive authority of a decision is coextensive only with such facts.' " (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 734-735 [257 Cal.Rptr. 708], citing *River Farms Co.* v. *Superior Court* (1933) 131 Cal.App. 365, 369 [21 P.2d 643]. See also *Security Pacific National Bank* v. *Wozab* (1990) 51 Cal.3d 991, 1003-1004 [275 Cal.Rptr. 201].) "The discussion or determination of a point not necessary to the disposition of a question that is decisive of the appeal is generally regarded as obiter dictum and not as the law of the case." (*Stockton Theaters Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 474 [304 P.2d 7].) " 'The statement of a principle not necessary to the decision will not be regarded either as a part of the decision or as a precedent that is required by the rule of *stare decisis* to be followed. . . , no matter how often repeated. . . . Expression of dictum is not binding on a court inferior to that which rendered the decision. . . .' " (*Ball* v. *Rodgers* (1960) 187 Cal.App.2d 442, 450 [9 Cal.Rptr. 666].) While we are not unmindful of the *Paz* court's comments on the issue of whether first-time possessors of marijuana are eligible for diversion, we must respectfully disagree with its analysis.

■ In construing statutes that govern the same area of the law, courts are guided by certain rules of statutory construction.

"Broadly speaking, a specific provision relating to a particular subject will govern in respect to that subject as against the general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provisions relate [citations]. However, it is well settled that the statutes and codes blend into each other, and are to be regarded as constituting but a single statute [citations]. One should seek to consider the statutes not as antagonistic laws but as parts of the whole system which must be harmonized and effect given to every section [citations]. Accordingly, statutes which are in *pari materia* should be read together and harmonized if possible. Even when one statute merely deals

generally with a particular subject while the other legislates specially upon the same subject with greater detail and particularity, the two should be reconciled and construed so as to uphold both of them if it is reasonably possible to do so [citations]." (*Natural Resources Defense Council* v. *Arcata National Corporation* (1976) 59 Cal.App.3d 959, 965 [131 Cal.Rptr. 172].)

■ The rule of strict interpretation of penal statutes does not apply in California. The provisions of the Penal Code ". . . are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.) This concept also applies to the penal provisions of other codes, including the Health and Safety Code. (*People* v. *Oviedo* (1951) 106 Cal.App.2d 690 [235 P.2d 612].) However, where two interpretations of a penal statute are possible, that construction which favors the defendant is preferred unless such a construction is contrary to the public interest, sound sense, and wise policy. (*People* v. *Ralph* (1944) 24 Cal.2d 575 [150 P.2d 40]; *People* v. *Douglass* (1979) 24 Cal.3d 428 [155 Cal.Rptr. 704]; *People* v. *Malcolm* (1975) 47 Cal.App.3d 217 [120 Cal.Rptr. 667].)

■ With these guiding principles in mind—giving effect to the plain meaning of a statute, harmonizing statutes in pari materia, and construing ambiguous provisions in favor of a defendant—we turn to the construction of the statutes in question.

Prior to 1975, first-time possession of any quantity of marijuana was alternatively punishable as a felony or a misdemeanor.[6] Subsequent convictions for possession of any quantity of marijuana were straight felonies,[7] and possession of marijuana was not a divertible offense. (Stats. 1972, ch. 1255, § 17, p. 2469.) The 1975 amendments to section 1000 and Health and Safety Code section 11357 liberalized the penalties for possession of marijuana, and also made Health and Safety Code section 11357 a divertible offense.

Section 1000, subdivision (a) sets forth the elements to be considered in the diversion screening process. It lists the offenses for which diversion is permitted, and lists the required elements of the defendant's personal history.

---

[6]"(a) Every person who possesses any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison for a period of not less than one year or more than 10 years." (Stats. 1973, ch. 1078, § 8, p. 2176.)

[7]"(b) If such person has been previously convicted once of any offense described in subdivision (d), the previous conviction shall be charged in the indictment or information and, if found to be true by the jury upon a jury trial or by the court upon a court trial or if admitted by the person, he shall be imprisoned in the state prison for a period of not less than two years or more than 20 years and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than two years in the state prison." (Stats. 1973, ch. 1078, § 8, p. 2176.)

It specifically lists Health and Safety Code section 11357 as an offense for which diversion is available; it does not create an exception for subdivision (b), so, according to the plain meaning of the words of the statute, all Health and Safety Code Health and Safety Code section 11357 offenses are subject to diversion. The language excepting Health and Safety Code section 11357 modifies the phrase which relates to the district attorney's perception of whether the defendant qualifies for diversion under the six criteria. This placement of the excepting language [is attributable to the need to except *mandatory* diversion under Health and Safety Code section 11357, subdivision (b) from contradictory criteria for ordinary diversion listed in section 1000]; it does not except all persons charged with Health and Safety Code section 11357, subdivision (b) [for the first time] from eligibility for diversion. Indeed, such a blanket exemption would create an absurd reading of the statute, since Health and Safety Code section 11357 (in its entirety) is clearly listed as a divertible offense.

The purpose of the diversion scheme which was initially adopted by the California Legislature and signed by Governor Reagan in 1972 was twofold:

"First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing." (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 61-62 [113 Cal.Rptr. 21].)

The practical effect of our interpretation of the statutes is to give a Health and Safety Code section 11357, subdivision (b) defendant a [potential] choice between two dispositions: payment of a $100 fine, or diversion. This interpretation of these statutes is thus also consistent with the legislative policy (referred to in *People* v. *Paz, supra*, [217 Cal.App.3d] at p. 1216) of leniency for simple marijuana offenses, since a resolution which is lenient for one person may be harsh for another, and vice versa. The analysis in *Paz* on this issue is flawed when it suggests that the legislative goals of the statute are promoted by prohibiting Health and Safety Code section 11357 offenders from being diverted until they have reached a fourth charge in two

years. First, such an interpretation flies in the face of one of the primary purposes of the statute—that is the unclogging of the courts by diverting minor drug offenses out of the system. It would indeed be anomalous to refuse diversion for one of the most common and most minor of drug offenses, while at the same time requiring that the accused person be a fourth-time recidivist before diversion became an option. *Paz* further assumes that exclusion from the diversion process is a beneficial matter.[8] This position is contrary to the policy underlying the diversion program and to the reality that defendants' situations differ. Under section 1000, subdivision (a), a person accused with minor drug charges is not *required* to accept diversion; as a practical matter most people will find diversion a more attractive alternative than conviction and sentence. However, in the case of Health and Safety Code section 11357, subdivision (b) charges, the defendant may choose to either pay a minimal fine ("not more than one hundred dollars") or accept diversion. This permits a Health and Safety Code section 11357, subdivision (b) defendant to choose the option most favorable for him or her. For some people, attending a diversion program may be a far more onerous penalty than payment of a fine. For others, a single conviction for possession of controlled substances may have serious collateral consequences such as loss of employment or denial of security clearances. For this second group, the unavailability of diversion for a first, second or third offense (and the resulting criminal record) can be devastating. Our construction of the statutes, which allows the defendant a choice of diversion or payment of a fine, is clearly more beneficial to the defendant than the construction by the *Paz* court, which allows no choice at all.

Following our analysis, defendant here appears to have been eligible for diversion. Accordingly, we find the court below erred in denying defendant's request for [a] diversion [hearing]. [End of quote from the opinion of Garbolino, J.]

II*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

[8]"Moreover, our reading is compatible with another important policy inherent in both section 1000 et seq. and section 11357(b), that the *favorable treatment* provided by those statutes is reserved for those, unlike appellant, whose offenses do not indicate a pattern of increasingly serious drug use." (*People* v. *Paz, supra,* 217 Cal.App.3d at p. 1216, italics added.)"

*See footnote 3, *ante,* page 237.

## DISPOSITION

The judgment is reversed and the cause is remanded for further proceedings pursuant to section 1000 et seq. consistent with the views expressed in this opinion.

Davis, J., and Scotland, J., concurred.