[No. F020694. Fifth Dist. Mar. 28, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDRICK DEBRIGADIER JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

John Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Stan Cross, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, Acting P. J.—Defendant was charged by amended information as follows: counts I and II—separate incidents of forcible rape (Pen. Code, § 261, subd. (a)(2))[1] and count III—attempted forcible oral copulation (§§ 288a, subd. (c), 664). It was further alleged as to each count that defendant had been convicted of and served prison terms for two prior sex offenses (§ 667.6, subd. (b)) and had been convicted of two prior serious felonies (§ 667, subd. (a)). The information also alleged the offenses charged in counts I and II were serious felonies (§ 1192.7, subd. (c)(3)).

On October 19, 1993, the court granted defendant's motion to bifurcate the prior conviction allegations and a jury trial commenced. The jury found defendant guilty on all counts. Defendant then waived his right to a jury trial on the prior conviction allegations.

On October 25, 1993, the court granted a motion to amend counts I and II of the amended information with respect to the section 667.6, subdivision (b) allegations. The amendments reflected defendant had been convicted of a violation of section "261, Subsection 2, rape by force or fear on or about . . . April 13th, 1987 . . . in the Superior Court of the State of California, for the County of Kern," and that defendant had been convicted of a violation of "Arizona Revised Statute 1340[6] . . . to wit, sexual assault, on or about . . . September 3rd, 1981 . . . ."

On the same date, the court found all of the special allegations to be true.

At the sentencing hearing, the court denied defendant probation and sentenced him to state prison for a total term of 36 years. The court imposed the upper term of eight years on count I, a consecutive eight-year upper term on count II, two consecutive ten-year enhancements pursuant to section 667.6, subdivision (b), and a concurrent four-year upper term on count III.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

The court granted a total of 224 days of custody credits and ordered defendant to pay a $200 restitution fine (Gov. Code, § 13967, subd. (a)).

Defendant filed a timely notice of appeal.

Since defendant has limited his appeal to sentencing issues, the following facts are taken from the report of the probation officer filed November 30, 1993:

"On July 3, 1993, officers of the Bakersfield Police Department were contacted by Claudia Denise [P.], age 18, who advised that she had been raped, on June 26, 1993, by the defendant, Fredrick Debrigadier Johnson. The victim related that the defendant resided in the same apartment complex and that prior to June 26, 1993, she had never spoken to the defendant other than saying hello to him as they passed one another. The victim stated she was aware of his name from conversations with his wife, Sheila Hill.

"Ms. [P.] stated that on June 26, 1993, she had been talking to Sheila Hill and that during the conversation, Sheila had indicated the defendant was a manager of a Taco Bell Restaurant. The victim stated that she told Sheila she was employed with the Rally Hamburger chain and that since she had experience working in fast food, she wondered if the defendant might be able to help her get a second job. Sheila Hill indicated that she would tell the defendant about Ms. [P.'s] interest in a second job.

"Claudia [P.] stated that at approximately 9:00 p.m. on the same date, the defendant came to her apartment asking if he could borrow some aspirin and asking if she was really looking for a second job. Ms. [P.] stated that she invited the defendant into her apartment while she obtained the aspirin and that at this time, the defendant had her write down her name, Social Security number, date of birth and description of her current job at Rally's. The defendant subsequently left her apartment returning 15 to 20 minutes later with a job application. Claudia [P.] stated that she noticed the application had 'Lloyd's' on the top and that the defendant had stated he did not have a Taco Bell application with him, but that this old application was sufficient as it contained the basic information. Claudia [P.] stated that she filled out the application and that the defendant waited in her apartment while she did so. Upon the victim handing the application over to the defendant, he proceeded to grab her around the neck, forcing her backward on the couch and he began choking her. Claudia [P.] stated that the defendant choked her until she lost consciousness.

"The victim stated that when she regained consciousness she was lying flat on her back in her bed and the defendant was on top of her and taking

her shirt off. Claudia stated that she said something to the effect of 'What are you doing?' and that the defendant told her to shut up or he would kill her. The defendant continued removing her shirt and proceeded to grab her around the neck with one of his hands and again began choking her. The victim stated that while the defendant held the one hand on her neck, holding her down onto the bed, he proceeded to remove the rest of her clothing. The defendant then forced her legs open and began having vaginal intercourse for two to three minutes. Claudia [P.] stated that she tried to resist the defendant, but every time she started to move, he would apply pressure to her neck. Claudia [P.] stated that at one point she started to scream and the defendant covered her mouth with his hands stating, 'Shut up or I'll kill you.'

"Ms. [P.] stated that the defendant forced her to have intercourse with him for two to three minutes and she was unsure whether or not the defendant had ejaculated. Ms. [P.] stated that the defendant subsequently began putting his clothing back on and proceeded to grab her by the arm, pulling her up from the bed and telling her to take a shower and to wash herself off. The defendant led her by the arm to the bathroom, again ordering her to get into the shower and wash off. The victim stated that as she showered, the defendant was walking around the apartment and telling her that if she told anyone, he would kill her.

". . . . . . . . . . . . . . . . . . . . . . . .

"Claudia [P.] told the officers that she was terrified of the defendant which is why she waited seven days to report the offense. Ms. [P.] stated that on July 1, 1993, the defendant drove by her place of work and within a short period of time one of her co-workers told her she had a telephone call. Ms. [P.] stated that when she answered the phone there was a voice on the other end stating, 'Remember what I told you. I'll kill you if you tell anyone.' Ms. [P.] proceeded to quit her job on July 2, 1993."

### DISCUSSION

### I. DID THE TRIAL COURT PROPERLY ENHANCE DEFENDANT'S SENTENCE?

 Defendant contends the 20-year enhancement of his sentence must be stricken because, in his view, section 667.6, subdivision (b) does not authorize the use of foreign convictions such as his 1987 Arizona conviction for sexual assault.

At the time of the instant offenses, section 667.6 stated in relevant part:

"(a) Any person who is found guilty of violating subdivision (2) or (3) of Section 261 [rape], Section 264.1 [rape by foreign object], subdivision (b) of

Section 288 [lewd or lascivious acts with child under age 14], Section 288.5 [continuous sexual abuse of a child], Section 289 [penetration of genital or anal openings by foreign object], or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions provided that no enhancement shall be imposed under this subdivision for any conviction occurring prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction. . . .

"(b) Any person convicted of an offense specified in subdivision (a) who has served two or more prior prison terms as defined in Section 667.5 for any offense specified in subdivision (a), shall receive a 10-year enhancement for each of those prior terms provided that no additional enhancement shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction. . . ." (Stats. 1989, ch. 1402, § 7, p. 6156.)

Defendant argues on appeal:

"The trial court erred in using appellant's Arizona conviction as part of this enhancement because section 667.6(b) does not authorize the use of foreign convictions. Section 667.6(b) provides in pertinent part: 'Any person convicted of an offense *specified in subdivision (a)* who has served two or more prior prison terms as defined in Section 667.5 for any offense *specified in subdivision (a)*, shall receive a 10-year enhancement for each of those prior terms . . . .' (Italics added.) Thus, by its language, section 667.6(b) is limited to . . . those crimes listed in subdivision (a) of Penal Code section 667.6 . . . . Section 667.6(a), however, does not contemplate the use of foreign convictions, but rather specifically limits itself to certain violations of the California Penal Code. The offenses contained in section 667.6(a) are as follows: '[P]aragraph (2), (3), or (7) of subdivision (a) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 288.5 or 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or

288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim o[r] another person.'[2]

"In light of the plain meaning of the foregoing statutory provisions, it is clear that foreign offenses—such as appellant's Arizona prior—do not qualify as prior convictions for purposes of section 667.6(b)." In propounding this argument, defendant ignores the provisions of section 668 which provided at the time of the offenses: "Every person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, such person could have been punished under the laws of this state by imprisonment in a state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if such prior conviction had taken place in a court of this state." (Stats. 1976, ch. 1139, § 269, p. 5139.)

Defendant concedes Arizona's crime of sexual assault (Ariz. Rev. Stat. Ann., §§ 13-1401, 13-1406) is the equivalent of forcible rape (§ 261, subd. (a)(2)) in California. He nevertheless maintains section 667.6, subdivision (b) does not clearly authorize the use of foreign convictions for enhancement purposes. In contrast, the People contend California felony prior convictions and "foreign" felony prior convictions are identical for enhancement purposes under section 668. In *People* v. *Lang* (1989) 49 Cal.3d 991, 1038-1039 [264 Cal.Rptr. 386, 782 P.2d 627], certiorari denied 498 U.S. 881 [112 L.Ed.2d 178, 111 S.Ct. 224], the Supreme Court held section 668 defines the circumstances under which prior convictions may be used to enhance punishment for subsequent offenses. According to our Supreme Court, section 668 illustrates that when the Legislature intends to impose restrictions on the use of out-of-state convictions, it expresses that limitation clearly. In the absence of limitation, a reference to "prior felony convictions" is deemed to include any prior conviction which was a felony under the laws of the convicting jurisdiction. (See also *People* v. *Pensinger* (1991) 52 Cal.3d 1210, 1261 [278 Cal.Rptr. 640, 805 P.2d 899], cert. den. 502 U.S. 930 [116 L.Ed.2d 290, 116 S.Ct. 351].)

Defendant nevertheless contends section 667.6, subdivision (b) contains limiting language which precluded the trial court from imposing an enhancement based on an out-of-state conviction: "[B]y its language, section 667.6(b) is limited to . . . those crimes listed in subdivision (a) of Penal Code section 667.6 . . . . Section 667.6(a), however, does not contemplate the use of foreign convictions, but rather specifically limits itself to certain violations of the California Penal Code. . . .

---

[2]Defendant's recitation of section 667.6 differs from our earlier recitation of the section because defendant refers to a later version of section 667.6 (Stats. 1993, ch. 127, § 1), rather than the version in effect when the crimes were committed.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"In contrast to section 667.6(b), the [L]egislature has demonstrated that it is quite capable of drafting prior enhancement statutes that clearly authorize the use of foreign convictions. For instance, in Penal Code section 667, the [L]egislature specifically provided that 'any person convicted of a serious felony who has previously been convicted of a serious felony in this state *or of any offense committed in another jurisdiction* which includes all of the elements of any serious felony . . . .' (Pen. Code, § 667, subd. (a) [italics added].) Comparable language is contained in Penal Code section 667.5, subdivision (f). Because the Legislature did not include similar language in section 667.6(b), this omission strongly suggests that foreign convictions were not intended to be used under that section."

Defendant's reasoning is adapted from *People* v. *Burgio* (1993) 16 Cal.App.4th 769 [20 Cal.Rptr.2d 397]. In *Burgio*, the Los Angeles County Superior Court found the defendant guilty of four methamphetamine-related substantive offenses as well as several methamphetamine-related enhancements. He appealed from the judgment, claiming error in the imposition of a 10-year enhancement pursuant to Health and Safety Code section 11379.8 and a concurrent 3-year sentence for a prior foreign conviction for conspiracy to possess and distribute narcotics. The latter conviction occurred in the United States District Court for the Eastern District of New York. The trial court imposed the concurrent three-year enhancement pursuant to Health and Safety Code section 11370.2, which stated in pertinent part: "(b) Any person convicted of a violation of, or conspiracy to violate, Section . . . 11379.6 . . . shall receive, in addition to any other punishment authorized by law . . . a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment." On appeal, defendant argued the trial court exceeded its jurisdiction because his New York federal conviction was not one of the enumerated priors upon which the court could legally impose the enhancement. A divided panel of the Second District Court of Appeal found this argument persuasive and struck the concurrent three-year enhancement.

The People argued that imposition of a three-year enhancement under Health and Safety Code section 11370.2 for the prior foreign felony conviction was supported by California Constitution, article I, section 28, subdivision (f). Under that constitutional provision, "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." The Second District

acknowledged that provision had been held to apply to any person convicted of a prior felony, here or in any other jurisdiction, as long as the statutory elements of the out-of-state offense are the same as for a California felony offense. However, the reviewing court also observed the cases construing that constitutional provision dealt with sections 667, subdivision (a) and 667.5, subdivision (f). Those statutes specifically state certain foreign felonies may form the basis of enhancements under those statutes. The Second District held Health and Safety Code section 11370.2 lacked comparable language. Moreover, Health and Safety Code section 11370.2 specifies the kind of prior felony convictions that may be used, which are limited entirely to violations of specified sections of the Health and Safety Code of California. The court concluded: "Had the Legislature intended otherwise, it would have specified the offenses by description and not by numbered California statutes." (*People* v. *Burgio*, *supra*, 16 Cal.App.4th at p. 779.)

Defendant here analogizes the principles of *Burgio* to the instant case and concludes that foreign convictions are outside the purview of section 667.6, subdivision (b): "The fact that section 667.6(b) makes reference to Penal Code section 667.5 . . . does not distinguish this case from *Burgio*. While subdivision (f) of section 667.5 specifically provides for the use of foreign convictions, section 667.6(b) quite clearly does not incorporate this portion of section 667.5. Rather, section 667.6(b) specifically limits its adoption of section 667.5 to that statute's definition of the phrase 'prior prison term' (see § 667.5, subds. (g) & (h)), and thus cannot be reasonably be [*sic*] interpreted as also adopting the separate and distinct definition of the term 'prior conviction' found in section 667.5, subdivision (f)."

The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. To determine this intent, a reviewing court begins by examining the language of the statute. However, the language of a statute will not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. Thus, the intent prevails over the letter and the letter will, if possible, be read so as to conform to the spirit of the act. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].) Broadly speaking, a specific provision relating to a particular subject will govern in respect to that subject as against the general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provisions relate. However, it is well settled the statutes and codes blend into each other and are to be regarded as constituting but a single statute. One should seek to consider the statutes not as antagonistic laws but as parts of the whole system which must be harmonized and effect given to every section. Accordingly, statutes which are in pari materia should be read together and harmonized if possible. Many times

one statute merely deals generally with a particular subject while the other legislates specially upon the same subject with greater detail and particularity. In such cases, the two will be reconciled and construed so as to uphold both of them if it is reasonably possible to do so. The rule of strict interpretation of penal statutes does not apply in California. The provisions of the Penal Code are to be construed according to the fair import of their terms with a view to effect its objects and to promote justice. (§ 4.) This concept also applies to the penal provisions of other codes. However, where two interpretations of a penal statute are possible, that construction which favors the defendant is preferred unless such a construction is contrary to the public interest, sound sense, and wise policy. (*People* v. *Squier* (1993) 15 Cal.App.4th 235, 240-241 [18 Cal.Rptr.2d 536].)

■ Section 667.6 provides for the imposition of additional terms of imprisonment for a recidivist who has sustained a denominated felony conviction after having been previously convicted of the same or another denominated felony in the past. (*People* v. *Jones* (1993) 12 Cal.App.4th 1106, 1115 [16 Cal.Rptr.2d 60].) By enacting section 667.6, the Legislature chose to treat violent sex offenses and violent sex offenders in a manner differently than other types of offenses and offenders. The statute is directed at recidivism by providing for longer enhancements for prior convictions of the same type of offense. The statute is directed at multiplicity of offenses by providing for full, separate, consecutive sentencing. (*People* v. *Karsai* (1982) 131 Cal.App.3d 224, 240-243 [182 Cal.Rptr. 406], disapproved on another point in *People* v. *Jones* (1988) 46 Cal.3d 585, 600, fn. 8 [250 Cal.Rptr. 635, 758 P.2d 1165].)

■ In the instant case, defendant asks this court to strictly construe section 667.6 and apply its provisions only to violations of enumerated California code sections. We will decline defendant's exhortation. Giving the language of section 667.6 a literal meaning would result in absurd consequences which the Legislature could not have intended. According to defendant, one who commits comparable violent sex offenses in another jurisdiction would be exempt from the five-year and ten-year enhancements set forth in section 667.6. Such a construction would be directly contrary to the express purposes of section 667.6, i.e., attacking the recidivism of violent sex offenders by providing for longer enhancements for prior convictions of the same type of offense, irrespective of where, or in which jurisdiction, the prior crimes were perpetrated. (*People* v. *Karsai, supra*, 131 Cal.App.3d at p. 242.) Moreover, defendant's construction would treat violent sex offenders from other jurisdictions far more lightly than those who committed past and present offenses within the State of California. Further, defendant's construction essentially ignores the express language of section 668, which prescribes punishment for subsequent California crimes

committed by persons with prior foreign convictions. In addition, the California Supreme Court has taken a very broad view of what constitutes a "prior felony conviction." (*People* v. *Prather* (1990) 50 Cal.3d 428, 432-440 [267 Cal.Rptr. 605, 787 P.2d 1012] [California Constitution bars application of the double-base-term limitation of section 1170.1, subdivision (g) to sentence enhancements based on section 667.5, subdivision (b)].)

In our view, defendant's construction is contrary to the public interest, sound sense, and wise policy. Nor have we found, nor has defendant cited, any expression of legislative intent, or other citation, which comports with his contention. As noted above, statutes which are in pari materia should be reconciled and construed so as to uphold both of them if it is reasonably possible to do so. (*People* v. *Squier, supra,* 15 Cal.App.4th at pp. 240-241.) Here, it is reasonably possible to reconcile and construe sections 667.6 and 668 so as to uphold both of them. Section 667.6 prescribes enhancements for prior sex offenses enumerated by California Penal Code section numbers. The relevant version of section 668 expressly prescribed punishment of persons with prior foreign convictions "for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if such prior conviction had taken place in a court of this state." To do otherwise would result in the absurd consequence of exempting violent sex offenders with prior foreign felony convictions from the enhanced punishment of section 667.6. Such a construction would go against the apparent purposes of the statutes and the express language of section 668, a statute in pari materia with section 667.6. The trial court did not err in enhancing defendant's sentence by 20 years.

II. DID THE TRIAL COURT PROPERLY IMPOSE A RESTITUTION FINE?*

. . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Dibiaso, J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 12, 1995.

---

*See footnote, *ante,* on page 623.