[Crim. No. 3315. Third Dist. May 28, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. DONALD JOSEPH PERRY, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, and Albert H. Newton, Jr., District Attorney, for Plaintiff and Appellant.

Samuel R. Friedman for Defendant and Respondent.

SCHOTTKY, J.—The People of the State of California appeal from an order of the superior court dismissing an information charging Donald Joseph Perry with petit theft with prior conviction of petit theft.

The basis of the court's ruling was that it had no jurisdiction for petit larceny may not be considered so as to sustain a prosecution under section 666 of the Penal Code.

The section provides:

"Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, commits any crime after such conviction is punishable therefor as follows:

" . . . . .: . . . :. . , . .

"3. If the subsequent conviction is for petit theft, then the person convicted of such subsequent offense is punishable

by imprisonment in the county jail not exceeding one year, or in the state prison not exceeding five years."

The information filed in this case reads in part: "DONALD JOSEPH PERRY, before the commission of the offense hereinabove set forth was convicted of petty theft, Las Vegas, State of Nevada, in 1956."

The sole question presented on this appeal is whether or not a prior petit theft conviction in a foreign state is to be considered in determining whether or not section 666 of the Penal Code is applicable.

We have concluded that the trial court erred in ordering that the information be dismissed. In the trial court's opinion a prior foreign offense does not constitute a "prior" within the purview of section 666. The court reached this conclusion by reading part of section 668 of the Penal Code into section 666. Section 668 of the Penal Code reads as follows: "Every person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this State, such person could have been punished under the laws of this State by imprisonment in a state prison, is punishable for any subsequent crime committed within this State in the manner prescribed in section[s] 644, 666, and 667, and to the same extent as if such prior conviction had taken place in a court of this State."

█ We think it is clear that section 668 of the Penal Code applies only to prior felony convictions. Obviously, it would not apply to petit theft which is a misdemeanor. █ Nor is there anything in that section which directs or indicates that it is to be read into section 666 as was done by the trial court in this case. In fact, the language employed indicates that this section is completely separate and distinct from section 666. Indeed, a completely contrary result from that reached by the trial court is dictated by the underlying purpose of the increased penalty provision, by the pattern of all similar law, and in order to avoid mischief and an absurd consequence.

We are not aware of any California case deciding this precise question, but in *Wiese* v. *State*, 138 Neb. 685 [294 N.W. 482], a similar problem was presented. A Nebraska penal statute provided for increased punishment for a second offense. The statute provided that whoever steals any chickens "shall for the first offense be imprisoned in the county jail not less than ten days nor more than six months or in the state penitentiary for not more than one year; and for a second or

subsequent offense, such person or persons so offending shall be deemed guilty of felony, and, upon conviction thereof, shall be imprisoned. . . .'' Defendant was charged with having served a prison sentence in Iowa for chicken stealing (a felony). It was urged before the Supreme Court that the Nebraska statute did not authorize punishment for an offense committed in another state. The court held that such a charge was proper and that the purpose of the allegation as to the Iowa crime was to increase the punishment for the second offense.

There are no words in section 666 requiring the prior offense to have been committed in California. We believe that to sustain the construction placed upon section 666 by the trial court would be in effect to hold that regardless of the number of misdemeanors a person may have committed before coming to California section 666 would not apply to him. Such a construction would, in our opinion, do violence to what we are satisfied was the intent of the Legislature and would produce an absurd result. Irrespective of where the crime was committed, the commission of it establishes the character of the individual, his dangerous propensities and his threat to society. Thus, to give effect to the purpose underlying this section, and all similar sections, it must be concluded that prior foreign offenses are within the scope of section 666 of the Penal Code.

That it was the intent of the Legislature to include foreign convictions is also indicated by the amendments in section 666.

In 1927 section 666 of the Penal Code (Stats. 1909, ch. 234, § 1, p. 360) specified that the prior conviction, which would render the section applicable, was ''petit larceny and having served a term therefor in any penal institution. . . .'' In that year (Stats. 1927, ch. 619, § 1, p. 1046) section 484 of the Penal Code was amended. That amendment eliminated the crime of larceny. In its stead was created the crime of theft, which combined the offenses of larceny, embezzlement and obtaining property under false pretenses. (*People* v. *Jones,* 36 Cal.2d 373 [224 P.2d 353] ; *People* v. *Ashley,* 42 Cal.2d 246 [267 P.2d 271] ; *People* v. *Otterman,* 154 Cal.App.2d 193 [316 P.2d 85].) In that same year the Legislature added section 490a (Stats. 1927, ch. 619, § 7, p. 1047) which provides that wherever any law or statute in this state referred to or mentioned larceny, said law or statute shall hereafter be read and interpreted as if the word ''theft'' were substituted therefor. Thus, section 666 as read after these changes would

refer to the prior in the following language, "petit theft and having served a term therefor in any penal institution. . . ."

In the 1931 session of the Legislature section 666 of the Penal Code was amended by the addition of the words "or petit theft." Thereafter the prior involved was "petit larceny or petit theft." We believe that this latter amendment demonstrates an intent to include foreign convictions. The law at the time of the amendment made petit theft the prior, and there would be no reason to add the words "petit larceny" unless the Legislature intended to make clear its intent to include foreign convictions for petit larceny, an offense which no longer existed in California. The amendment of 1931 would be a meaningless act if section 666 is interpreted as was done by the trial court in the instant case.

Because habitual criminal statutes are designed to apply to all recidivists, it would be unfair and discriminatory to exclude a substantial number of that class from its application solely because they were not convicted in this state. A person convicted in any other state who reverts to crime in this state has demonstrated that he is equally as dangerous to society as one similarly situated who has been convicted previously in this state. Both must receive equally severe punishment to deter them. There is no reason and no justification for any distinction.

The order dismissing the information is reversed.

Peek, P. J., and Pierce, J., concurred.

A petition for a rehearing was denied June 12, 1962, and respondent's petition for a hearing by the Supreme Court was denied July 25, 1962. Peters, J., was of the opinion that the petition should be granted. Dooling, J.,* participated in place of Traynor, J.

---

*Assigned by Chairman of Judicial Council.