[No. B224292. Second Dist., Div. One. May 25, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ADAM LEE ECKARD, Defendant and Appellant.

**COUNSEL**

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan Sullivan Pithey, Mary Sanchez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MALLANO, P. J.**—Defendant Adam Lee Eckard appeals from the judgment entered following a jury trial in which he was convicted of indecent exposure and found to have had a prior indecent exposure conviction. Defendant contends his prior Washington state misdemeanor indecent exposure conviction did not render him subject to felony sentencing under Penal Code section 314. (Undesignated statutory references are to the Penal Code.) We conclude that an out-of-state indecent exposure conviction that would have been a misdemeanor indecent exposure if committed in California does not trigger the felony sentencing provision of section 314 because from the Legislature's choice of the phrase "conviction under subdivision 1 of this section," in lieu of more generically descriptive language such as "indecent exposure"; its omission of language addressing prior out-of-jurisdiction convictions with reference to section 314; its limitation of section 668 to felonies; and the absence of any generally applicable misdemeanor equivalent of section 668, we can reasonably infer that the Legislature did not intend for an out-of-jurisdiction misdemeanor indecent exposure conviction to be used to elevate a violation of section 314 to felony status. Accordingly, we modify defendant's conviction to be a misdemeanor.

## BACKGROUND

About 6:10 a.m. on October 17, 2009, 15-year-old Easton and 16-year-old Kurtis went to Manhattan Beach to surf. As they descended the stairs to the beach, they noticed defendant staring at them from the beach. When the boys reached the beach, defendant climbed partway up the stairs and continued to watch them. Easton wanted to use the restroom, and Kurtis went with him. While Easton remained inside one of the stalls, Kurtis looked out the entrance

to the restroom and saw defendant walking toward it. Kurtis was frightened and retreated into the other toilet stall. Defendant entered the restroom and paced slowly in front of the two stalls for five to 10 minutes. Kurtis thought defendant was breathing a bit heavily and at one point saw defendant's legs and feet shaking. Twice, Easton saw defendant peeking inside the stall he was in through the gaps on the sides of the door. Kurtis phoned the police and described defendant and what was happening. While Kurtis was on the phone, defendant dropped to his knees in front of Easton's stall and exposed his erect penis. From his seated position, Easton could see it in the space between the floor and the bottom of the stall door, which was about 18 inches. Photographs admitted in evidence as defense exhibits depicted the gaps below and to the sides of the stall door. Easton shouted at defendant to leave, and defendant did so. After the police arrived, the boys emerged from the toilet stalls and identified defendant to the police.

The prosecutor introduced certified documents showing that on July 25, 2009, defendant pleaded guilty to one count of indecent exposure in violation of Revised Code of Washington section 9A.88.010 in Skagit County, Washington. On a "Probable Cause Affidavit" a police officer stated, under penalty of perjury, that a woman picked up defendant, who was hitchhiking. While riding in her car, defendant "exposed his erect penis to [her], without any solicitation to do so, causing her alarm. [She] yelled at Eckard to get out of her vehicle," and he did so.

A defense investigator testified that on February 25, 2010, he photographed the restroom and measured the gaps below and around the stall door. The distance between the floor and the bottom of the stall door was 14 1/2 inches. Each side gap was approximately one-quarter-inch wide. The investigator could not see anything through the side gaps, from either inside or outside the stall.

The jury convicted defendant of indecent exposure and found that he had a "prior PC 314" conviction. The jury could not reach a verdict on a misdemeanor charge of lewd conduct, which the prosecutor agreed to dismiss. The court sentenced defendant to 16 months in prison.

## DISCUSSION

██ Section 314, subdivision 1 treats as a misdemeanor an act of "willfully and lewdly" exposing the "person, or the private parts thereof, in any

public place, or in any place where there are present other persons to be offended or annoyed thereby . . . ." But the offense is a felony "[u]pon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288 [lewd act on a child] . . . ."

■ Defendant's prior conviction was a violation of Revised Code of Washington section 9A.88.010, which provides, in pertinent part, "A person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." The offense is a misdemeanor absent a prior conviction under the same statute "or of a sex offense as defined in [Revised Code of Washington section] 9.94A.030." Defendant's offense was punished as a misdemeanor and there is no evidence that he had any another prior conviction, let alone a conviction that would have made his Washington indecent exposure conviction a felony had it been committed in California.

Defendant challenged the treatment of his violation of section 314 as a felony on the ground that the Washington statute did not require the element of sexual motivation, and his Washington conviction thus was not equivalent to a prior violation of section 314. We asked the parties to brief a different issue: whether an out-of-state conviction that would have been a misdemeanor if committed in California (such as defendant's prior Wn. conviction) may be used to elevate a violation of section 314 to felony status, given the language of section 314 and the absence of any express statutory provision regarding out-of-state misdemeanor convictions in general. Defendant argued that such an out-of-state conviction could not be used to elevate his violation of section 314 to felony status, while the Attorney General argued that it could.

Given the plain language of section 314, contrasted with other criminal statutes that expressly encompass prior convictions from other jurisdictions, and the absence of any generally applicable statutory or constitutional provision permitting comprehensive use of out-of-jurisdiction misdemeanor convictions for enhancement purposes, we agree with defendant and conclude that he was not subject to felony sentencing.

■ In construing a statute, we attempt to determine the intent of the Legislature. (*People v. Albillar* (2010) 51 Cal.4th 47, 54 [119 Cal.Rptr.3d 415, 244 P.3d 1062] (*Albillar*); *People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) In determining that intent, we first examine the words of the statute, viewing them in their statutory context and giving them their ordinary and usual meaning, because the language of a statute is usually the most reliable indicator of legislative intent. (*Albillar*, 51 Cal.4th at

p. 55; *People v. Wright* (2006) 40 Cal.4th 81, 92 [51 Cal.Rptr.3d 80, 146 P.3d 531].) Where the language of a statute is unambiguous, the plain meaning controls, and we have no occasion to resort to principles of statutory construction or extrinsic sources. (*Albillar*, 51 Cal.4th at p. 55; *Coronado*, 12 Cal.4th at p. 151.)

■ Section 314, which was enacted in 1961, does not state that a second or subsequent conviction of indecent exposure constitutes a felony. Instead, it states, "Upon the second and each subsequent conviction *under subdivision 1 of this section*, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288, every person so convicted is guilty of a felony . . . ." (Italics added.) Viewing these words in their context and giving them their ordinary and usual meaning, it appears that only a prior conviction of violating section 314 or section 288 results in felony treatment for a new section 314 charge.

Section 668 would bring within the scope of section 314 an out-of-jurisdiction prior conviction that would have been a felony if it had been committed in California. Section 668, which was enacted in 1872, provides, "Every person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, that person could have been punished under the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state. The application of this section includes, but is not limited to, all statutes that provide for an enhancement or a term of imprisonment based on a prior conviction or a prior prison term." Similarly, article I, section 28, subdivision (f)(4) of the California Constitution provides, in pertinent part, "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." We have found no misdemeanor equivalent of section 668 and article I, section 28, subdivision (f)(4), that is, a comprehensive provision treating all misdemeanor convictions from other jurisdictions as if they had been committed in California. (As we will discuss *post*, at least one Veh. Code section encompasses out-of-jurisdiction convictions that would have violated the misdemeanor driving-under-the-influence statute if committed in Cal.)

Thus, if defendant had an out-of-jurisdiction conviction that would have constituted either felony indecent exposure or a felony violation of section 288, he would be eligible for felony sentencing for his first violation of section 314. But the prosecution did not introduce evidence that defendant had such a conviction.

As section 668 and many other statutes demonstrate, the Legislature clearly knows how to write a statute that permits convictions from other jurisdictions to be used as the basis for registration requirements, enhancements, and alternative sentencing schemes. For example, the Legislature has included such language in sections 290.005, subdivision (a) (requiring registration by "[a]ny person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subdivision (c) of Section 290," 667, subdivision (a)(1) (establishing sentence enhancement for "any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony," 667, subdivision (d) ("[A] prior conviction of a felony shall be defined as: [¶] . . . [¶] (2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."), 667.5, subdivision (f) ("A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which, if committed in California, is punishable by imprisonment in the state prison if the defendant served one year or more in prison for the offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law if the defendant served one year or more in prison for the offense in the other jurisdiction."), 667.6, subdivision (e) ("This section shall apply to the following offenses: [¶] . . . [¶] (10) As a prior conviction under subdivision (a) or (b), an offense committed in another jurisdiction that includes all of the elements of an offense specified in this subdivision"), 667.61, subdivision (d) ("The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c)"), 667.71, subdivision (c) ("This section shall apply to any of the following offenses: [¶] . . . [¶] (13) An offense committed in another jurisdiction that includes all of the elements of an offense specified in this subdivision"), and Welfare and Institutions Code section 6600, subdivision (a)(2) ("For purposes of this subdivision any of the following shall be considered a conviction for a sexually violent offense: [¶] . . . [¶] (C) A prior conviction in another jurisdiction for an offense that includes all of the elements of an offense described in subdivision (b)").

In addition, the Legislature has shown that it knows how to provide that out-of-jurisdiction misdemeanor convictions should be treated as equivalent to prior California convictions, when it so desires: Vehicle Code section 23626 provides, "A conviction of an offense in any state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or the Dominion of Canada that, if committed in this state, would be a violation of Section 23152 [misdemeanor driving under the influence of alcohol or drugs] . . . of this code . . . is a conviction of Section 23152 . . . of this code . . . for the purposes of this code."

From the Legislature's choice of the phrase "conviction under subdivision 1 of this section," in lieu of more generically descriptive language, such as "indecent exposure"; the omission of language addressing prior · out-of-jurisdiction convictions with reference to section 314; the limitation of section 668 to felonies; and the absence of any generally applicable misdemeanor equivalent of section 668, we can reasonably infer that the Legislature did not intend for an out-of-jurisdiction conviction that would be a misdemeanor in California—such as defendant's prior Washington conviction—to be used to elevate a violation of section 314 to felony status. (*In re Eddie M.* (2003) 31 Cal.4th 480, 495 [3 Cal.Rptr.3d 119, 73 P.3d 1115]; *Albillar, supra,* 51 Cal.4th at p. 56.)

The Attorney General argues that because "section 314 and section 288 are both 'sexual offenses,' . . . it would be absurd to treat the two sections differently for purposes of establishing an out-of-state prior conviction." Although it may seem absurd to the Attorney General, the distinction is quite clear because a violation of section 288 triggers the application of section 668. The Attorney General also argues that it is unsound and nonsensical to "treat sex offenders from other jurisdictions far more leniently than those who committed past and present offenses within California." This may be true, but the plain language of the statute, and the absence of any provision authorizing treatment of an out-of-state misdemeanor indecent exposure conviction as if it had been committed in California precludes doing so. We do not have the power to add to the statute what the Legislature may have left out or to conform it to an assumed intent that does not appear from its language. (*Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1099 [282 Cal.Rptr. 841, 811 P.2d 1025]; *Napa Valley Wine Train, Inc. v. Public Utilities Com.* (1990) 50 Cal.3d 370, 381 [267 Cal.Rptr. 569, 787 P.2d 976], abrogated on another point in Pub. Resources Code, § 21080.04, subd. (b); *People v. Hill* (1995) 37 Cal.App.4th 220, 226 [44 Cal.Rptr.2d 11].) Liberal interpretation may not accomplish an end outside the terms of the statute, however desirable such a result might be. (*Simpson v. Unemployment Ins. Comp. Appeals Bd.* (1986) 187 Cal.App.3d 342, 351 [231 Cal.Rptr. 690].)

The Attorney General relies upon three cases, none of which supports the argument that defendant's Washington prior constitutes a second conviction of violating section 314. The first two deal with prior felony convictions: *People v. Johnson* (1995) 33 Cal.App.4th 623 [39 Cal.Rptr.2d 463], which held that sections 667.6 and 668 permit enhancements to a sentence for specified felony sex crimes based on prior out-of-state convictions of one of the enumerated felony sex crimes; and *People v. Butler* (1998) 68 Cal.App.4th 421 [80 Cal.Rptr.2d 357], which construed a prior version of Welfare and Institutions Code section 6600—pertaining to commitment of sexually violent predators—to include an out-of-state felony rape conviction based upon the clear legislative intent to confine and treat mentally disordered individuals who commit sexually violent criminal behavior, as illustrated in part by an assembly committee report stating that an amendment expressly including out-of-state convictions was intended to clarify the law.

The third case relied upon by the Attorney General deals with a prior misdemeanor conviction: *People v. Perry* (1962) 204 Cal.App.2d 201 [22 Cal.Rptr. 54], which construed section 666 (petty theft after serving a term for theft) to include an out-of-state petty theft conviction. At the time, section 666 referred to " '[e]very person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution . . . .' " (*Perry*, at p. 202.) The Court of Appeal explained, "There are no words in section 666 requiring the prior offense to have been committed in California." (*Perry*, at p. 204.) It concluded, in broad language, that "to give effect to the purpose underlying this section, and all similar sections, it must be concluded that prior foreign offenses are within the scope of section 666 of the Penal Code." (*Perry*, at p. 204.) The court went on to analyze the legislative history in support of its conclusion. (*Ibid.*) In 1927, section 666 referred to " 'petit larceny and having served a term therefor in any penal institution.' " The same year, an amendment to section 484 "eliminated the crime of larceny" and "created the crime of theft," and a new statute, section 490a provided that any law or statute that referred to larceny should thereafter be read and interpreted as if the word " 'theft' " were substituted in place of "larceny." (*Perry*, at p. 204.) As a result of these changes, section 666 would be read to refer to " 'petit theft.' " (*Perry*, at pp. 204–205.) Then in 1931, the Legislature amended section 666 by adding " 'or petit theft,' " so that it described the qualifying prior convictions as " 'petit larceny or petit theft.' " (*Perry*, at p. 205.) The *Perry* court stated, "We believe that this latter amendment demonstrates an intent to include foreign convictions. The law at the time of the amendment made petit theft the prior, and there would be no reason to add the words 'petit larceny' unless the Legislature intended to make clear its intent to include foreign convictions for petit larceny, an offense which no longer existed in California. The amendment of 1931 would be a meaningless

act if section 666 is interpreted" to exclude an out-of-state petty theft conviction. (*Perry*, at p. 205.)

In contrast to the cases upon which the Attorney General relies, the prior conviction in controversy is not a felony, and section 668 is thus inapplicable to it. The Attorney General has not cited, and we have not found, any comprehensive constitutional or statutory provision evincing an intent to equate all out-of-jurisdiction misdemeanors to in-jurisdiction misdemeanors for purposes of enhancement. There is no misdemeanor equivalent of section 668. No legislative history materials regarding section 314 are before this court, and the plain language of section 314 (unlike that of § 666, as noted *ante*) is not broad enough to include an out-of-jurisdiction misdemeanor conviction.

Although the *Perry* court stated that "habitual criminal statutes are designed to apply to all recidivists . . ." (*People v. Perry, supra,* 204 Cal.App.2d at p. 205), we note that in the ensuing 39 years no courts have applied this sweeping dicta. Indeed, only one other case has cited *Perry*, and then only regarding its specific interpretation of the language and history of section 666. (*People v. Davis* (1985) 166 Cal.App.3d 760, 764 [212 Cal.Rptr. 673] [federal felony conviction constituted a "felony" as used in § 4532, subd. (b), penalizing escape by a "prisoner arrested and booked for, charged with, or convicted of a felony"].) Unlike the language of the statute interpreted in *Perry*, when drafting section 314 the Legislature did not choose words describing the nature of the conduct violating the statute, such as "indecent exposure," but chose instead a specific reference to a prior violation of section 314. In contrast, the version of section 666 interpreted in *Perry* employed words describing the nature of an offense: " 'petit larceny or petit theft,' " "demonstrat[ing] an intent to include foreign convictions." (*Perry*, at pp. 202, 205.) In sum, the clear and specific language of section 314, containing no provision treating an out-of-state misdemeanor indecent exposure conviction as if it had been committed in California, along with the absence of any legislative history demonstrating an intent to include out-of-jurisdiction misdemeanor indecent exposure convictions within the scope of section 314, leads us to conclude that the Legislature did not "design" section 314 to apply to a prior conviction such as defendant's.

We note that although many of the statutes that we have compared with section 314 were enacted after the most recent (1982) amendment to section 314, section 668 was enacted in 1872, more than a century earlier. But section 667.5, subdivision (f) was enacted in substantially its present form[1] in the

---

[1] Former section 667.5, subdivision (f) provided: "A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in the state prison provided the defendants served one year or

same year and same chapter in which the Legislature made a minor, nonsubstantive amendment to section 314.[2] Similarly, the Legislature amended section 314 in 1982, the same year the electorate passed Proposition 8, which created section 667, former subdivision (a), which is now subdivision (a)(1), in substantially its present form.[3]

Finally, the Attorney General argues that section 668 is applicable, in that defendant's "prior misdemeanor conviction for indecent exposure in Washington *could* have been punished as a felony in California, so long as [defendant] had at least one other prior indecent exposure conviction." But nothing in the record indicates that defendant had *two* prior indecent exposure convictions. The Attorney General's resort to speculation or matters outside the appellate record is insufficient to trigger the application of section 668.

We note that our interpretation does not, as the Attorney General essentially argues, fail to protect the public from sexual predators. Defendant was convicted of a public offense, and properly subject to a jail term of up to six months and a fine of up to $1,000. He is also required to register as a sex offender for the rest of his life in California. (§ 290, subds. (b), (c).) The registration requirement is intended to enable law enforcement agencies to monitor his location and protect the public. Although the longer period of incarceration entailed in a felony sentence would further protect the public, we cannot rewrite the statute to accomplish such a goal. In defendant's case, given his presentence credits and the passage of time, he has already served his 16-month felony sentence, although it was improperly imposed.

more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendants served one year or more in prison for such offense in the other jurisdiction." (Stats. 1976, ch. 1139, § 268, p. 5137.)

[2] The Legislature deleted the phrase "for not less than one year" at the end of the final sentence of former section 314, which had previously read, "Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288 of this code, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison for not less than one year." (Stats. 1976, ch. 1139, § 182, p. 5112.)

[3] "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." (§ 667, former subd. (a), added by Prop. 8, as approved by voters, Primary Elec. (June 8, 1982).)

## DISPOSITION

The jury's finding that defendant had a prior conviction of violating Penal Code section 314 is stricken. Defendant's conviction is modified to be a misdemeanor. As modified, the judgment is affirmed and the matter is remanded for resentencing.

Rothschild, J., and Chaney, J., concurred.