Filed 10/29/15  P. v. Milliron CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062985 |
| v. | (Super.Ct.No. SWF1301080) |
| ERRICH AARON MILLIRON, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Errich Aaron Milliron filed a petition for resentencing pursuant to Penal Code section 1170.18 which the court denied. On appeal, defendant contends the matter must be remanded to the superior court because that court failed to consider that defendant's conviction for transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1), since its subsequent amendment, may now effectively qualify as simple possession (Health & Saf. Code, § 11377), making him eligible for resentencing. We affirm.

## I. PROCEDRUAL HISTORY[1]

On March 13, 2013, the People charged defendant by felony complaint with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1) and possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2). The People additionally alleged defendant had suffered two prior convictions for possession of controlled substances for sale (Health & Saf. Code, § 11370.2, subd. (c)), five prior prison terms (Pen. Code, § 667.5, subd. (b)), and one prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

On August 12, 2013, defendant pled guilty to the count 1 offense and admitted two prior prison terms and the prior strike conviction. In return, the count 2 charge and the remaining allegations were dismissed. It was stipulated defendant would receive a determinate sentence of six years, consisting of the low term of two years on the count 1

---

[1] On June 26, 2015, pursuant to defendant's request, we took judicial notice of the record in case No. E061734, defendant's direct appeal of his conviction. We take a portion of our procedural history from that record.

2

offense, doubled pursuant to the strike prior, and two consecutive one-year terms on the prior prison term allegations. The court sentenced defendant pursuant to the terms of his plea agreement.

On December 3, 2013, defendant filed an appeal from his conviction. On November 10, 2014, we dismissed the appeal pursuant to defendant's filing of an abandonment of the appeal.

On December 10, 2014, defendant filed a petition for resentencing pursuant to Penal Code section 1170.18 seeking reduction of his conviction from a felony to a misdemeanor. The People responded that defendant was not entitled to the relief requested because his conviction was for a nonqualifying felony. On January 27, 2015, the court denied defendant's petition finding his "criminal history makes [him] ineligible for resentencing because he was convicted of [Health and Safety Code section] 11379[, subdivision] (a) . . . not a qualifying felony."

## II. DISCUSSION

Defendant contends that because Health and Safety Code section 11379, subdivision (a), was amended effective January 2015 to require an additional element that the controlled substance was transported *for sale*, the matter must be remanded to the court for a factual determination of whether the methamphetamine defendant was convicted of transporting was *for sale* or *personal possession*. If the latter, defendant avers his conviction for transportation would not stand under current law and defendant would effectively stand convicted only of simple possession (Health & Saf. Code,

3

§ 11377), an offense which would qualify him for relief under Penal Code section 1170.18. We disagree.

On November 4, 2014, "the voters approved Proposition 47. [Citation.] The initiative added . . . [section] 1170.18 to the Penal Code . . . and amended Health and Safety Code sections 11350, 11357 and 11377. [Citation.]" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) Penal Code section 1170.18, subdivision (a), provides that: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code . . . as those sections have been amended or added by this act."

"In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature. [Citation.] '"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law."' [Citation.] We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme. If the language is ambiguous, we look to other indicia of voter intent. [Citations.]" (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) "We do not have the power to add to the statute what the Legislature may have left out or to conform it to an

4

assumed intent that does not appear from its language.  [Citations.]  Liberal interpretation may not accomplish an end outside the terms of the statute, however desirable such a result might be.  [Citation.]" (*People v. Eckard* (2011) 195 Cal.App.4th 1241, 1248.)

First, defendant was convicted of transportation of methamphetamine under Health and Safety Code section 11379, an offense for which Penal Code section 1170.18 does not provide a remedy.  As the People note:  "Even if [Penal Code] section 1170.18 had been in effect when [defendant] pled guilty in 2013, he would not have been eligible for misdemeanor sentencing because Health and Safety Code section 11379 is not enumerated as an offense that qualifies for misdemeanor sentencing."  As noted above, we may not add to the statute anything that the voters or legislators left out even under a liberal interpretation.  Indeed, had the Legislature or voters intended to include transportation of an amount of a controlled substance for personal use as one of the offenses for which Penal Code section 1170.18 relief would be applicable, they could have included it.  We cannot add what they have left out.  Thus, remand would be inappropriate.

Second, assuming defendant's interpretation of the statute is correct, defendant failed to meet his burden below of showing he was entitled to relief pursuant to Penal Code section 1170.18.  A petitioner generally bears the burden of producing sufficient evidence to establish a prima facie case for the relief requested.  (See *In re Champion* (2014) 58 Cal.4th 965, 1006-1007 [defendant in petition for writ of habeas corpus """bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to

5

*prove* them."""]); *In re D.P.* (2014) 225 Cal.App.4th 898, 903; *Regents of University of California v. Superior Court* (2013) 222 Cal.App.4th 383, 389; *People v. Kim* (2009) 45 Cal.4th 1078, 1101 [defendant bears burden of producing evidence on petition for writ of *coram nobis*]; *In re Paul W.* (2007) 151 Cal.App.4th 37, 71 ["The petitioner has the burden of proving the factual contentions contained in the petition by a preponderance of the evidence."]; *Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 612 [petitioner for conservatorship has the burden of producing evidence]; *In re Lucas* (2004) 33 Cal.4th 682, 735 [defendant bears burden of producing evidence on petition for writ of habeas corpus].) Here, defendant failed to show that under the circumstances of his commission of the offense if committed under the current state of the law, defendant would have been guilty of only a misdemeanor.

Third, we disagree with defendant's contention that a reasonable argument could be made that defendant transported the methamphetamine for personal use rather than for sale. Defendant maintains that under a liberal construction of Penal Code section 1170.18, a reasonable argument could be made that the offense for which defendant was convicted was transportation of the methamphetamine for personal use, not for sale. Thus, defendant avers he should be treated as if he was convicted under Health and Safety Code section 11377, making him eligible for relief under Penal Code section 1170.18. As noted above, this we cannot do. However, even assuming we could, we would disagree with defendant's argument.

Here, the People simultaneously charged defendant with possession of methamphetamine *for sale*. Likewise, they alleged defendant had two prior convictions for possession of controlled substances *for sale*. This suggests defendant was not transporting the methamphetamine for personal use. Defendant uses the facts exposited in the People's opposition to his *Romero*[2] motion below to argue that the amount of methamphetamine he possessed, 13.1 grams, and the circumstances of its possession suggest defendant possessed it for personal use. However, that very same document reflects defendant "was in possession of a large amount of methamphetamine . . . . The amount located indicates possession for sale . . . ." (*People v. Arias* (2008) 45 Cal.4th 169, 174 [expert testified that baggies containing methamphetamine weighing 27.72, 23.01, and *3.31 grams* were possessed for sale]; *People v. Kiney* (2007) 151 Cal.App.4th 807, 811-812 [expert testimony that *sales of methamphetamine* in as little as *.20 grams* went for $20]; *People v. Williams* (2009) 170 Cal.App.4th 587, 597 [Fourth Dist., Div. Two] [expert testified that methamphetamine held in amounts of *.5 and 3.3 grams* were possessed for sale].) Thus, defendant has failed his burden to prove his transportation of 13.1 grams could reasonably be construed as possession for personal use rather than sale. The court acted appropriately in denying defendant's petition.

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

KING
                                                          J.


We concur:

HOLLENHORST
                    Acting P. J.

McKINSTER
                         J.

8