Filed 1/12/16  P. v. Aviles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO AVILES,<br><br>    Defendant and Appellant. | B262123<br><br>(Los Angeles County<br>Super. Ct. No. PA040528) |

APPEAL from a judgment of the Superior Court of Los Angeles County. David W. Stuart, Judge.  Affirmed.

Lisa M. Sciandra, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is a second strike case under the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1]  In the operative information, defendant Armando Aviles was charged with attempted second degree vehicle burglary (§§ 664/459), a felony, in that he attempted to enter the victim's locked Nissan Sentra with "the intent to commit larceny and any felony," and it was alleged he had suffered a prior robbery conviction (§ 211) that qualified as a strike.  Defendant asserts he was sentenced to prison for a four-year term and has completed service of this sentence.  He filed a document entitled "Defendant's Felony Is Now a Misdemeanor" in which he represented he "has no disqualifying prior convictions and is not a sex offender registrant" and requested his felony conviction for attempted second degree vehicle burglary be "treated as a misdemeanor" pursuant to Proposition 47.[2]  After construing the document to be a petition, the trial court denied the petition.  Defendant appealed.

We begin by pointing out "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time

---

[1]    All further section references are to the Penal Code.

[2]    Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]).  "The initiative:  added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq.; the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)  The electorate's stated intent and purposes, among others, were to ". . . '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes [and] [a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors.' . . .  (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*Ibid.*)

2

of the offense, may file an *application* before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."[3] (§ 1170.18, subd. (f), italics added.) We therefore deem defendant's petition to be an application and shall affirm the order denying his application.

Defendant does not claim his felony conviction for attempted vehicle burglary (§§ 664/459) is one of the enumerated specific offenses in Proposition 47 that would qualify for reclassification to a misdemeanor.[4] Rather, his position is "[t]he substance of the offense, however, falls squarely under one of the enumerated offenses, the newly enacted [section] 490.2, defining petty theft" and, for this reason, "[t]his court [should] remand his case for resentencing as a misdemeanor."[5] He alternatively contends the

---

[3] In contrast, a defendant "currently serving a sentence for a conviction . . . who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with [certain enumerated sections of the Health and Safety Code and the Penal Code], as those sections have been amended or added by" Proposition 47. (§ 1170.18, subd. (a).) If the above criteria are satisfied, the defendant's "felony sentence shall be recalled and the [defendant] resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the [defendant] would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

[4] Proposition 47 does not mention the word "attempt" or "attempted" with respect to the enumerated specific offenses embraced by that act. We conclude such omission is inconsequential, because the Penal Code recognizes that the commission of a particular offense includes the offense of attempting to commit that offense. (See § 664.)

[5] Section 490.2 provides: "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290. [¶] (b) This section shall not be applicable to any theft that may be charged as an infraction pursuant to any other provision of law." (Added by Initiative Measure (Prop. 47, § 8, approved Nov. 4, 2014, eff. Nov. 5, 2014).)

3

principles of the Equal Protection Clause of the United States Constitution (U.S. Const., 14th Amend.)[6] requires his "attempted second degree [vehicle] burglary conviction be reduced to a misdemeanor."

We are not persuaded. First, when a defendant already has served his felony sentence, Proposition 47 does not authorize the trial court to recall that sentence and resentence the defendant as a misdemeanant. Rather, Proposition 47 provides: "If the application satisfies the criteria in subdivision (f), the court *shall* designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g), italics added.)

On the merits, defendant's premises are fatally flawed. "The general principles that govern interpretation of a statute enacted by the Legislature apply also to an initiative measure enacted by the voters. [Citation.] Thus, our primary task here is to ascertain the intent of the electorate [citation] so as to effectuate that intent [citation]." (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 978-979.) In so doing, "[w]e look first to the words of the initiative measure, as they generally provide the most reliable indicator of the voters' intent. [Citations.] Usually, there is no need to construe a provision's words when they are clear and unambiguous and thus not reasonably susceptible of more than one meaning. [Citations.]" (*Id*. at p. 979.) This is the situation here.

A plain reading of Proposition 47 establishes this act applies only to specific offenses that are expressly enumerated in the act itself. (See, e.g., *People v. Page* (2015) 241 Cal.App.4th 714, 718 [Proposition 47 applicable only to offenses specified]; *People v. Garness* (2015) 241 Cal.App.4th 1370, 1374 [same].)

Further, the unambiguous intent of the electorate is to restrict Proposition 47's ameliorative provisions to these enumerated offenses. The presumption arises that having expressly identified those offenses subject to Proposition 47, the electorate necessarily excluded from the ambit of Proposition 47 any other offense not so specified.

---

[6] We note "'"[t]he equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion."'" (*People v. Noyan* (2014) 232 Cal.App.4th 657, 666 (*Noyan*).)

4

(See, e.g., *People v. Gray* (1979) 91 Cal.App.3d 545, 551 ["inclusion of the four crimes as exceptions necessarily excludes any other exceptions"].)

That the electorate did not intend to do away with vehicle burglary as a separate offense is a readily evident in light of section 459.5, added by Proposition 47, which created the new offense of misdemeanor commercial shoplifting. In pertinent part, section 459.5, subdivision (a) provides: "Notwithstanding Section 459 [burglary], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed . . . $950." Moreover, subdivision (b) of that section expressly provides that any act of shoplifting so defined "shall be charged as shoplifting. No person charged with shoplifting may also be charged with burglary or theft of the same property." In short, the electorate knew how to carve out a particular type of burglary for Proposition 47's purposes but chose not to do so for vehicle burglary. (See also *People v. Acosta* (2015) 242 Cal.App.4th 521, 527 ["narrowly drawn shoplifting statute" reflecting "intent to mitigate punishment only as to one type of offender, but not as to others . . . who engage in criminal conduct not identified in Proposition 47"].)

Under these circumstances, this court is without jurisdiction to construe Proposition 47 to expand its coverage in the manner urged by defendant. (*People v. Guzman* (2005) 35 Cal.4th 577, 587 [judicial insertion of word omitted from statute only where "'compelled by necessity and supported by firm evidence of the drafters' true intent"]; *People v. Eckard* (2011) 195 Cal.App.4th 1241, 1248 [court without "power to add to the statute what Legislature may have left out or to conform it to an assumed intent that does not appear from its language"]; see also *People v. Hendrix* (1997) 16 Cal.4th 508, 512 ["'"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."'"].)

Defendant's equal protection contentions also fail. He posits petty theft under section 490.2 necessarily embraces theft committed under section 459 (vehicle burglary). He contends "the state cannot possibly show a constitutional justification for why a

5

person who breaks into a car to steal property inside it, and a person who simply breaks into a car to steal it, should receive disparate treatment under the law when all of the stolen property is valued under $950. Nor has the state shown that the law accomplishes its purpose by the least restrictive means possible."[7] He further contends the applicable standard is "strict scrutiny" but even under the lesser "rational basis" test, the state has failed to carry its burden.

To prevail, defendant is required first to establish the existence of "'two classes . . . similarly situated with respect to the purpose of the law in question, but . . . treated differently. [Citation.]'" (*Noyan*, *supra*, 232 Cal.App.4th 657, 666.) "Generally, offenders who commit different crimes are not similarly situated. [Citation.]" (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1266 (*Doyle*).) A person convicted of vehicle burglary (§ 459, subd. (a)) is not similarly situated to a person who committed petty theft (§ 490.2, subd. (a)). These two offenses are not the equivalent of each other, because the essential elements of each differ. Section 490.2 only applies to property obtained by theft. "Although in many cases the goal of a burglary is theft, burglary occurs regardless of whether a theft is accomplished or even attempted." (*People v. Washington* (1996) 50 Cal.App.4th 568, 577.) By its express terms, a violation of section 459 occurs when the defendant "enters any . . . vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny *or any felony*." (§ 459, italics added.) In other words, a defendant may be convicted of violating section 459 in the

_____

**7** Respondent disagrees with defendant's assertion "it was undisputed that property in [this] case was valued under $950." The record does not contain the record of conviction or any evidence which may shed light on the particulars of the attempted vehicle burglary committed. (Cf. *People v. Thompson* (2015) ___ Cal.App.4th ___, ___, fn. 4 [2015 Cal.App.LEXIS 1160, at p. *2, fn. 4].) The record specifically does not indicate whether defendant's intent was larceny, and if so, the value of any property defendant might have intended to steal, or that his intent was to commit an undisclosed felony. Also, contrary to his claim, defendant's burden is first to offer evidence that the value of the property is less than $950. His failure to carry this burden thus renders his application defective. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-881.)

absence of an intent to commit grand or petit larceny as long as he possessed the "intent to commit . . . any felony,"  In view of this rational reasoning underlying the legislative distinction between these two disparate offenses, the conclusion is inescapable that a defendant who committed one crime, namely, vehicle burglary (§ 459) is not "similarly situated" with a defendant who committed the other, namely, petit theft (§ 490.2).  (See *Doyle*, *supra*, 220 Cal.App.4th 1251, 1266-1268.)  Defendant therefore has failed to meet his threshold burden for equal protection relief.

As defendant concedes, his felony conviction for attempted second degree vehicle burglary (§§ 664/459) is not expressly enumerated in Proposition 47.  The trial court therefore properly denied his application to reclassify this conviction as a misdemeanor.

DISPOSITION

The order denying defendant's application to reclassify his attempted burglary felony conviction to a misdemeanor pursuant to section 1170.18 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.


7