Filed 5/25/16  P. v. Orozco CA4/1

**OPINION AFTER REHEARING**

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067313 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN335521 ) |
| ERNEST OROZCO , | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Benjamin B. Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan

Beale, Kristen Kinnaird Chenelia, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In this case, we are asked to interpret Proposition 47, the Safe Neighborhoods and Schools Act of 2014. Specifically, we must determine if Proposition 47 applies to crimes that are not specifically enumerated in the law itself. Under the specific circumstances before us, we conclude that it does not.

Ernest Orozco pled guilty to one count of unlawfully driving a vehicle of another without permission (Veh. Code, § 10851, subd. (a)), and one count of receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)). He contends the trial court erred in denying his petition to reduce both of his felony convictions to misdemeanors under Proposition 47. We conclude Proposition 47 does not apply to Orozco's two felonies here.

Proposition 47's resentencing provision does not list Vehicle Code section 10851 or section 496d as statutes under which a defendant can be resentenced. In addition, there are no facts in the record here that persuade us that either of these felonies falls under any of the statutes that are enumerated in Proposition 47. We therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2014, the police pulled Orozco over and a routine license plate check showed the car Orozco was driving had been reported stolen. Orozco was the

---

[1] Statutory references are to the Penal Code unless otherwise specified.

vehicle's sole occupant, the car's ignition was damaged, and it was running without a key. The police report listed the car's value at $301.

After his arrest, Orozco pled guilty to one count of unlawfully driving a vehicle of another without permission (Veh. Code, § 10851, subd. (a)), and one count of receiving a stolen vehicle (§ 496d, subd. (a)). Orozco also admitted three prior convictions for violation of Vehicle Code section 10851, subdivision (a), and eight prison priors under section 667.5. His prior felony conviction under Vehicle Code section 10851 required him to be sentenced as a felon under section 666.5 for both of his present violations. (§ 666.5, subd. (a).)

After Orozco entered his guilty plea, California voters passed Proposition 47. Orozco then filed a petition under Proposition 47 to reduce the felonies to misdemeanors. The trial court denied Orozco's petition, finding Proposition 47 does not apply to section 496d and Vehicle Code section 10851, subdivision (a), and sentenced him to one year in prison with mandatory supervision for three years after his release. The trial court stayed the sentence for Orozco's section 496d violation under section 654. Orozco timely appealed the order.

## DISCUSSION

Orozco asserts that the trial court erred when it denied his petition to reduce his felonies under Vehicle Code section 10851, subdivision (a) and section 496d, subdivision (a) to misdemeanors pursuant to Proposition 47. We disagree.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had

3

previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

"Proposition 47 also created a new resentencing provision—section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing. (§ 1170.18, subd. (a).) A person who satisfies the statutory criteria shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (*Id.*, subd. (b).)" (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Here, Orozco is seeking resentencing under Proposition 47 for the felonies unlawfully driving a vehicle of another without permission (Veh. Code, § 10851, subd. (a)), and receiving a stolen vehicle (§ 496d, subd. (a)). As such, we must interpret Proposition 47.

In interpreting a voter initiative, we apply the same principles that govern the construction of a statute. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) "The plain meaning controls if there is no ambiguity in statutory language." (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.) " ' "When statutory language is clear and unambiguous,

4

there is no need for construction and courts should not indulge it." ' "  (*People v. Hendrix*

(1997) 16 Cal.4th 508, 512.)  Our fundamental task "is to determine the Legislature's

intent so as to effectuate the law's purpose."  (*People v. Murphy* (2001) 25 Cal.4th 136,

142.)  "But if the language is ambiguous, we consider extrinsic evidence in determining

voter intent, including the Legislative Analyst's analysis and ballot arguments for and

against the initiative."  (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open

Space Authority* (2008) 44 Cal.4th 431, 444-445.)

Section 1170.18, subdivision (a) states:

> "A person currently serving a sentence for a conviction, whether by
> trial or plea, of a felony or felonies who would have been guilty of a
> misdemeanor under the act that added this section ('this act') had this
> act been in effect at the time of the offense may petition for a recall
> of sentence before the trial court that entered the judgment of
> conviction in his or her case to request resentencing in accordance
> with Sections 11350, 11357, or 11377 of the Health and Safety
> Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal
> Code, as those sections have been amended or added by this act."

Under the plain terms of section 1170.18, subdivision (a), a defendant may

petition the court if his felony conviction "would have been . . . a misdemeanor under the

act that added this section" and his resentencing must be "in accordance with . . . those

sections hav[ing] been amended or added by this act."  (§1170.18, subd. (a).)  Section

1170.18, subdivision (a) does not list Vehicle Code section 10851 or section 496d.

Moreover, none of the statutes that are listed in section 1170.18, subdivision (a) refers to

or otherwise mentions Vehicle Code section 10851 or section 496d.

Section 1170.18, subdivision (a) lists a specific series of crimes.  The plain

language of that subdivision states that resentencing applies to those particular code

5

sections that have been "added or amended" by Proposition 47. (§ 1170.18, subd. (a).) When the exact situations are contained in a statute that govern its applicability, the statute necessarily does not apply to circumstances that are not expressly mentioned. (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.) As such, when items expressed in a statute are members of an " 'associated group or series,' " it justifies the conclusion that items not mentioned were excluded by deliberate choice, not inadvertence. (*Barnhart v. Peabody Coal Co.* (2003) 537 U.S. 149, 168.) Here, the language of section 1170.18, subdivision (a) lists the statutes that have been added or amended. Because Vehicle Code section 10851 and section 496d are not included, we interpret their omission intentional.

Further, " 'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provision to statutes. [Citations.] This rule has been codified in California as [Code of Civil Procedure] section 1858, which provides that a court must not 'insert what has been omitted' from a statute." (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) We have no power to add words to a statute to conform it to an assumed intent that does not appear from the statute's actual language. (*People v. Eckard* (2011) 195 Cal.App.4th 1241, 1249.) In addition, we will not rewrite a statute unless it is " 'compelled by necessity and supported by firm evidence of the drafters' true intent.' " (*Guzman*, *supra*, at p. 587.) Here, we see nothing in section 1170.18 or any other portion of Proposition 47 that leads us to believe that section 1170.18, subdivision (a) affects Vehicle Code section 10851, subdivision (a) or section 496d, subdivision (a) violations.

Nevertheless, Orozco notes that section 490.2 is specifically mentioned in section 1170.18, subdivision (a) and argues that this section applies to Vehicle Code section 10851. We are not persuaded.

Section 490.2, subdivision (a) states in part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed $950, shall be considered petty theft and shall be punished as a misdemeanor[.]" Section 487 defines grand theft. Included in the definition of grand theft is when the property taken is an automobile. (See § 487, subd. (d)(1).) Orozco thus asserts his violation of Vehicle Code section 10851, subdivision (a) should be considered a misdemeanor under section 490.2 because: (1) theft of the automobile as defined in section 487 is a misdemeanor when the value of the vehicle is less than $950; (2) Orozco's violation of Vehicle Code section 10851, subdivision (a) is a lesser included offense (LIO) of section 487; and (3) voters who enacted section 490.2 must have intended for it to apply to the offenses listed therein and LIOs.

Vehicle Code section 10851, subdivision (a) prohibits either the unlawful driving of a vehicle or the unlawful taking of a vehicle. (*People v. Garza* (2005) 35 Cal.4th 866, 875-876 (*Garza*).) Relying on *People v. Pater* (1968) 267 Cal.App.2d 921, Orozco maintains a violation of Vehicle Code section 10851, subdivision (a) is an LIO of grand theft when there is not a substantial break between the taking and use of the automobile.

7

(*Pater*, *supra*, at pp. 926-927.)  However, as Orozco admits, several courts have declined to follow *Pater*.[2]

For example, in *Garza*, *supra*, 35 Cal.4th 866, our high court observed: "Subdivision (a) of Vehicle Code section 10851 . . . defines the crime of unlawful driving or taking of a vehicle.  Unlawfully taking a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away." (*Garza*, *supra*, at p. 871, italics omitted.)  "On the other hand, unlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete." (*Ibid.*, italics omitted.)  Moreover, a theft requires the defendant to possess " 'the specific intent at the time of the taking to permanently deprive the owner of the property.' " (*In re Jesus O.* (2007) 40 Cal.4th 859, 867.)

As such, even if we were to follow *Pater*, *supra*, 267 Cal.App.2d 921, we could only conclude Vehicle Code section 10851, subdivision (a) is an LIO of grand theft here if there was not a substantial break between the taking of the automobile and the driving of the automobile and it can be shown that Orozco had the specific intent to permanently deprive the owner of the automobile.  On the record before us, we cannot reach this conclusion.

---

[2]    We asked the parties for supplemental briefing regarding the impact of two recent cases addressing Orozco's assertion regarding Vehicle Code section 10851:  *People v. Haywood* (2015) 243 Cal.App.4th 515 and *People v. Ortiz* (2016) 243 Cal.App.4th 854. The parties submitted letter briefs, but shortly thereafter, the California Supreme Court granted review in both cases. (See *People v. Haywood*, review granted March 9, 2016, S230793; *People v. Ortiz*, review granted March 16, 2016, S232344.)  As such, we avoid any further discussion of *Haywood* and *Ortiz*.

Here, Orozco pled guilty to unlawfully driving another person's vehicle without his or her permission, not theft of a vehicle. Orozco told officers that an unknown male had offered him a ride home, took him to a 7-11, gave him the vehicle, and then informed Orozco that his wife had broken the ignition. Under these facts, there is no indication that Orozco intended to permanently deprive the vehicle's owner of the automobile. Indeed, the record leaves open the possibility that Orozco merely decided to drive a stolen vehicle that was given to him and he was not involved whatsoever in the theft of the vehicle. Because we are not persuaded that Orozco had the specific intent required of theft, we determine that, in the instant matter, Orozco's violation of Vehicle Code section 10851, subdivision (a) is not an LIO of grand theft. Therefore, we conclude, under the facts before us, Orozco's violation of Vehicle Code section 10851 was not eligible for resentencing under Proposition 47.

Additionally, Orozco contends the court should have reduced his violation of section 496d, subdivision (a) from a felony to a misdemeanor under section 1170.18. Like Vehicle Code section 10851, section 496d is not among the statutes listed in section 1170.18, subdivision (a). Yet, Orozco argues this felony offense should have been reduced to a misdemeanor because a violation of section 496d, subdivision (a) is subject to the provisions of section 496, which is one of the enumerated statutes per section 1170.18, subdivision (a). We are not persuaded.

Proposition 47 amended section 496, which addresses receipt of stolen property. Section 496, subdivision (a)[3] now requires the district attorney to charge a misdemeanor if the property received is less than $950, where previously the district attorney had discretion to charge a felony if the value was less than $950. Orozco reasons that because section 496, subdivision (a) makes the receipt of any stolen property worth less than $950 a misdemeanor, and that a vehicle is a form of property, his conviction under section 496d, subdivision (a) for receipt of a stolen vehicle must be reduced to a misdemeanor.

Here, Orozco pled guilty to receiving a stolen vehicle under section 496d, subdivision (a). Orozco contends that Proposition 47's amendment of section 496, subdivision (a), applies to his conviction under section 496d because both sections require the prosecution to prove the same elements, and the only difference between the statutes is the type of property received. The People respond that, like Vehicle Code section 10851, subdivision (a), section 1170.18 does not enumerate section 496d in its list

---

3     Section 496, subdivision (a) states: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

of affected statutes, and that to apply Proposition 47 to section 496d, subdivision (a)[4] would improperly insert a new provision into the statute. The People have the better argument.

Like Vehicle Code section 10851, subdivision (a), section 496d, subdivision (a) was not amended or added by Proposition 47. The omission of section 496d from the associated statutes enumerated in section 1170.18 shows section 496d was purposely left out of Proposition 47's reach. (See *Barnhart v. Peabody Coal Co.*, *supra,* 537 U.S. at p. 168.)

Further, if Orozco's interpretation were correct, it would render other statutes that deal with receiving certain kinds of stolen property superfluous. For example, under section 496a, if a metal dealer receives copper wire that he knows is ordinarily used by the electric company, then he could be guilty of receiving stolen property and can be sentenced as a felon under section 1170, subdivision (h), or he can be imprisoned for up to one year and/or fined up to $1,000. However, Orozco's logic would render section 496a superfluous because only the value of the property received would matter, rather

---

4     Section 496d, subdivision (a) states: "Every person who buys or receives any motor vehicle, as defined in Section 415 of the Vehicle Code, any trailer, as defined in Section 630 of the Vehicle Code, any special construction equipment, as defined in Section 565 of the Vehicle Code, or any vessel, as defined in Section 21 of the Harbors and Navigation Code, that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."

11

than the type of property received. We see nothing in Proposition 47 that renders the distinction between types of property meaningless.

In harmonizing two related statutes, a court's interpretation should avoid surplusage and attempt to give significance to every word in the statute. (*People v. Arias* (2008) 45 Cal.4th 169, 177, 180.) In accordance with this principle, we conclude that section 496d, subdivision (a) was not affected by Proposition 47's alteration of section 496, subdivision (a).[5] Therefore, it is the fact that Orozco received a stolen *vehicle* that prevents his eligibility for resentencing his conviction under section 496d, subdivision (a). The value of the vehicle has no bearing on Orozco's eligibility for resentencing.

DISPOSITION

The order is affirmed.

---

[5] We are aware that the California Supreme Court granted review in at least two cases wherein the appellate court reached the same conclusion we do here. (See *People v. Peacock*, S230948, review granted Feb. 17, 2016; *People v. Nichols*, S233055, review granted April 20, 2016.)

　　　　　　　　　　　　　　　　　　　　　　　HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.